## No. 24793

## The People of the State of Colorado v. Leroy Mayes
(498 P.2d 1123)

Decided June 12, 1972.                    Rehearing denied July 3, 1972.

Jarvis Seccombe, District Attorney, Gregory A. Mueller, Assistant, Edward A. Simons, Deputy, Coleman M. Connolly, Deputy, for plaintiff in error.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, James F. Dumas, Jr., Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The Denver district attorney brings this appeal seeking to reverse a district court order which granted a motion to dismiss for lack of a speedy trial. We affirm the dismissal of the case by the district court.

The facts in this case are undisputed. A cab driver was robbed on February 14, 1969, and Leroy Mayes was arrested that same day. On February 19, 1969, an information was filed charging the defendant, Mayes, with the crime of robbery (1967 Perm. Supp., C.R.S. 1963, 40-5-1). Bond was set at $10,000, and the defendant was unsuccessful in his efforts to have the bond reduced. On February 28, 1969, the defendant entered a plea of not guilty to the charge, and trial was set for July 23, 1969. In the interim, the defendant made a motion requesting that the district attorney produce information relating to the line-up in which he was made to appear and which resulted in his being identified by the victim. The court granted his request for discovery on April 2, 1969. Approximately six weeks later, the district attorney sought a writ of prohibition in this Court to prohibit the trial

court from requiring the divulgence of information relating to the line-up. This Court issued a rule to show cause on June 2, 1969. The day before the trial was to commence, we stayed all further proceedings in the district court. Thereafter, the trial court date was vacated, and the matter was continued until December 3, 1969, for resetting.

On July 31, 1969, we dismissed the writ of prohibition and discharged the rule to show cause as having been improvidently granted. Subsequently, on August 14, 1969, the defendant appeared in the district court with counsel to request another trial date. In order to accommodate the district attorney, the district court ordered that the trial be held on February 18, 1970. Defense counsel objected strenuously to the failure of the court to grant an earlier trial date.

On February 18, 1970, both parties appeared in court ready for trial, but a judge was unavailable, and the matter was continued until the next day. At that time, the trial judge granted the defendant's motion to dismiss for failure to grant a speedy trial. Before the case was dismissed, the court conducted a full evidentiary hearing and heard extensive argument. At the hearing, the court heard testimony which established that many cases filed later than February 19, 1969, were tried long before February 19, 1970, and that such trials were consistent with the court's business. The record before the Court also reflected the many demands which the defendant made for a speedy trial.

■■ The district attorney admits that the delay in bringing this case to trial was not caused by the defendant's actions or requests. However, because the defendant was brought to trial within the one-year limit of Colo. R. Crim. P. 48(b), the district attorney contends that the defendant was required to show prejudice in the preparation of his defense to be entitled to a dismissal. In effect, the district attorney would have us decide this case by interpreting Colo. R. Crim. P. 48(b) to be a statement of the minimum time that must expire before a defendant can look for relief for denial of a speedy trial. Such an interpretation would be wholly incon-

sistent with the philosophy and the principle set forth in *Klopfer v. North Carolina,* 386 U.S. 213, 87·S.Ct. 988, 18 L.Ed.2d 1 (1967), and *Dickey v. Florida,* 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970).

In *Jaramillo v. District Court,* 174 Colo. 561, 484 P.2d 1219 (1971), we stated that the right to a speedy trial is guaranteed to the petitioner by both Article II, Section 16 of the Constitution of Colorado and the Sixth Amendment to the United States Constitution. We further stated that the constitutional right to a speedy trial means a trial consistent with the court's business. *Accord, Maes v. People,* 169 Colo. 200, 454 P.2d 792 (1969); *Medina v. People,* 154 Colo. 4, 387 P.2d 733 (1963). In this case, the record does not show that the numerous delays which occurred were occasioned by the court's business. Indeed, the record reflects that an earlier trial date could have been granted in the ordinary course of the court's business.

The right of an accused to a speedy trial cannot be equated to any trial date within the period of one year that is convenient to the district attorney. Delays which were occasioned by the district attorney were properly considered by the trial court in determining whether the defendant had been denied his constitutional right to a speedy trial. *See People v. Bates,* 155 Colo. 277, 394 P.2d 134 (1964); *State v. Fischer,* 285 A.2d 417 (Del. 1971). There is evidence in the record before us to support the trial court's finding that the defendant was not afforded a speedy trial. We cannot substitute our judgment for that of the trial court.

Accordingly, the judgment is affirmed.