## No. 26507

John P. Potter v. District Court in and for the Fourth Judicial District and the State of Colorado and the Honorable Hunter D. Hardeman, one of the Judges thereof

(525 P.2d 429)

Decided August 6, 1974.

Shephard Kole, for petitioner.

Robert L. Russell, District Attorney, Jerry C. Nelson, Deputy, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

On October 29, 1971, an information was filed in the District Court of El Paso County against petitioner charging him with felony theft. It alleged that petitioner had taken certain property from his employer in Colorado Springs. A warrant was issued for his arrest. In November, 1971, El Paso County authorities sent the warrant bearing petitioner's Missouri address to Jackson County, Missouri. Petitioner and his family had moved from Colorado Springs to Missouri in July 1971. On January 13, 1972, a Missouri sheriff went to petitioner's home for the purpose of executing the warrant. Since petitioner was not home, the sheriff told petitioner's daughter about the warrant. Later the same day, petitioner surrendered himself. He was arraigned in Kansas City on charges based upon the Colorado warrant. He posted bond and the matter was continued.

The El Paso County District Attorney was notified that petitioner had been arraigned on the Colorado warrant and was requested to commence extradition proceedings. On January 18, 1972, the district attorney decided not to extradite petitioner; however, he informed the El Paso County sheriff's office to keep the local warrant active. On April 18, 1972, the Missouri action was dismissed for failure to extradite.

Petitioner continued to reside in Missouri until June, 1973, when he and his family moved back to Colorado Springs. In March, 1974, he requested a detective friend to check his past record for the purpose of determining whether he would qualify for joining the police department. The detective discovered the open warrant and informed petitioner to that effect. On March 28, 1974, petitioner surrendered himself and was released on his personal recognizance bond.

Petitioner moved to dismiss the action on the grounds that (1) he was not brought to trial within the time period set forth in Crim. P. 48, and (2) his constitutional right to speedy trial had been denied. After a hearing, the trial court denied the motion. Upon application by petitioner, we issued a rule to show cause why the information should not be dismissed and we now make that rule absolute. While we do not believe that Crim. P. 48 requires dismissal, we do hold that the delay caused by the district attorney's failure to initiate timely extradition proceedings denied petitioner his constitutional right to a speedy trial.

I.

Rule 48 of the Colorado Rules of Criminal Procedure was amended after the commencement of this action. The amended rule was made effective on April 1, 1974, and applies to all further proceedings in actions pending on that date. Crim. P. 59. It provides that defendants must be tried within six months from the entry of a plea of not guilty. In the case at bar, no plea has been entered. Hence, there has been no violation of the rule.

II.

We point out that inquiry into whether a petitioner has been denied his constitutional right to a speedy trial is not foreclosed because Crim. P. 48 does not require *per se* that the action be dismissed under the particular circumstances of the case. *People v. Mayes,* 178 Colo. 429, 498 P.2d 1123. The provisions of the rule and the constitutional issue are mutually exclusive, and the resolution of one does not necessarily determine the resolution of the other. The constitutional determination involves an *ad hoc* judgment on

the particular facts of each case. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. To make this judgment, we consider the length of delay, the reason for delay, defendant's assertion or demand for a speedy trial, and any prejudice to the defendant. *People v. Spencer,* 182 Colo. 189, 512 P.2d 260.

■ Here the information was filed in October, 1971; however, petitioner was not brought before a Colorado court until March, 1974. Petitioner made no effort to conceal himself, and El Paso County authorities knew his whereabouts when he was in Missouri. Moreover, they sent a fugitive warrant to Missouri requesting that he be arrested. He was arrested and arraigned in Missouri. Yet the El Paso County district attorney refused to extradite him. Neither at the hearing on the motion nor on appeal does the district attorney justify this course of action. *See Annot.,* 88 A.L.R.2d 980.

■ Rather, the district attorney argues that petitioner's failure to prove that he did not resist extradition should bar relief. As we pointed out above, failure to request a speedy trial is one factor to be considered. Nevertheless, a defendant does not have the responsibility of bringing himself to trial. We have held that action on his part, such as consent to delay or request therefor, is necessary to constitute such waiver. *Hicks v. People,* 148 Colo. 26, 31, 364 P.2d 877. The defendants in *Chambers v. Dist Ct.,* 180 Colo. 241, 504 P.2d 340, and *People v. Buggs,* 186 Colo. 13, 525 P.2d 421, were before the court when the trial dates were set and they accepted them without objection. In the case at bar, there is no evidence to show that the petitioner was ever requested to waive his right to extradition. As a matter of fact, the record contains a statement by the prosecutor that his office *refused* to extradite. For us to consider waiver as a factor weighing against a defendant, the prosecutor must at least put the defendant in a position where the defendant must resist extradition or waive it.

Since petitioner testified that he thought the charges were dropped when no extradition proceedings were forthcoming,

any prejudice to the petitioner must be based on his ability to reconstruct his defense some three years after the alleged offense. The record contains testimony of Potter that some of his witnesses are gone or dead. Others now profess a clouded memory. This is certainly not surprising after three years in which the district attorney sat back without bringing the matter to a head.

After carefully weighing the circumstances surrounding the delay, we hold that the petitioner was denied his right to speedy trial as guaranteed by the Colorado and federal constitutions.

Accordingly, the rule to show cause is made absolute, and the trial court is directed to dismiss the information.

MR. JUSTICE GROVES does not participate.