## No. 26271

## The People of the State of Colorado v. Alonzo Buggs
(525 P.2d 421)

Decided August 6, 1974.

14

Nolan L. Brown, District Attorney, Richard W. Dickerson, Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This appeal concerns the speedy trial provisions of the Colorado Rules of Criminal Procedure, and both the Colorado and United States constitutions.

On August 3, 1972, an aggravated robbery was committed in Jefferson County, which was the subject of the prosecution in question here. On August 24, 1972, defendant Buggs was arrested by Denver police on an unrelated charge. Buggs was unable to make bail. On August 25, 1972, the victim of the Jefferson County robbery identified Buggs in the Denver County jail as a participant in the robbery.

As a result, Jefferson County charges were filed against Buggs on September 5, 1972. Two days later a warrant was issued for his arrest. The warrant was sent to the Denver Police Department on September 19, 1972. Two days later the Denver Police Department sent a detainer letter to the warden of the Denver County Jail. It advised the warden that it held a Jefferson County warrant charging Buggs with aggravated robbery and requested the warden to notify the Denver Police Department of the disposition of the pending local charges.

Buggs testified that he was told that he had a detainer placed on him from Jefferson County. Buggs pleaded guilty

to the Denver charges. On February 26, 1973, he was sentenced to eight to fifteen years in the state penitentiary. On March 2, 1973, Buggs was transferred to the penitentiary, and six days later Denver authorities notified Jefferson County of the transfer. On March 26, 1973, the Jefferson County Court issued a writ of habeas corpus *ad prosequendum* for Buggs to appear before the court on April 5, 1973. The writ was served and Buggs appeared in county court on April 5, 1973. Buggs requested a preliminary hearing and waived the thirty day limitation of Crim. P. 5(c). On June 1, 1973, Buggs was arraigned in district court. Trial was set for the 4th and 5th days of December, 1973. On November 30, 1973, Buggs filed his motion to dismiss.

The district court granted defendant's motion. It ruled that the defendant was denied his constitutional right to a speedy trial. Therefore, the case was dismissed.

On appeal, the People argue that trial was set within the time limit provided by Crim. P. 48(b) and that the defendant was not denied his constitutional right to a speedy trial. We agree.

I.

■■ Prior to its amendment effective April 1, 1974, Crim. P. 48(b) provided that:

". . . If the trial of a defendant is delayed more than one year after trial court obtains jurisdiction over the person of the defendant, unless the delay is occasioned by the action or request of the defendant or except that time consumed by any interlocutory appeals shall not be calculated in the time limits imposed herein, the court shall dismiss the indictment or information; and the defendant shall not thereafter be tried for the same offense."

The People contend that the *trial* court did not obtain jurisdiction over the defendant until he was arraigned in district court on June 11, 1973. Prior to that time all action in the case took place in county court. The district court construed the words "trial court" to mean any lower court in which the original proceedings take place. Therefore, it ruled that the one year limitation runs from the time either the

county court or district court obtains jurisdiction over the person. We believe that the district court's interpretation furthers the rule's purpose in implementing defendant's right to speedy trial. All the reasons for adopting this limitation apply whether the county court or district court has technical jurisdiction over the defendant. The defendant is subjected to all pretrial incidents of the criminal justice system. Therefore, we hold that the time limitation of Rule 48(b) commenced when the county court obtained jurisdiction over the person of the defendant.

In felony cases, the normal manner to gain jurisdiction over the person of the defendant is to execute an arrest warrant. Here, however, the defendant was incarcerated in the Denver County jail when the complaint was filed and the arrest warrant was issued. Thus the warrant could not be executed as usual, and instead a detainer was filed against the defendant. Assuming, *arguendo,* that the Jefferson County court had jurisdiction over the defendant when the detainer was served on the warden of the Denver County jail, the defendant should have gone to trial before September 21, 1973. This time limit had expired when the district court dismissed the complaint. Even under this assumption, however, the defendant cannot invoke Crim. P. 48(b), for, as we view it, he waived its one year time limitation.

In *Chambers v. Dist. Ct. in and for the County of Arapahoe,* 180 Colo. 241, 504 P.2d 340, the defendant sought to have the complaint dismissed because he was not brought to trial within a mandatory time limit provided for in the Uniform Mandatory Disposition of Retainers Act, 1969 Perm. Supp., C.R.S. 1963, 39-23-1, *et seq.* We held that defendant's failure to request an earlier date, his statement of availability and his request for a pretrial date to accommodate his convenience, all amounted to consent to the date announced by the court and waiver of the statutory time limitation. We find that case indistinguishable from the situation here.

On June 11, 1973, some three months before September 21, 1973, defendant appeared with his counsel

before the district court and pleaded not guilty. Trial was set for the 4th and 5th days of December. Defense counsel stated "that was fine." At no time thereafter did defendant or his defense counsel seek to reset the trial for an earlier date. By accepting this trial date without protest and by waiting until several days before trial was to commence to assert his right, he cannot now complain of the December trial date.

## II.

Secondly, the district court found that the defendant was denied his right to a speedy trial as guaranteed by the federal and Colorado constitutions. It was of the opinion that the time between defendant's arrest in August 1972, and his trial date of December, 1973, was unduly long, that this delay prejudiced the defendant's ability to defend himself, that it has caused him anxiety, that because of the detainer filed against the defendant, he has been held in maximum security at the penitentiary, and that the possibility of serving concurrent terms was forever lost.

As the United States Supreme Court pointed out in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the speedy trial guarantee of the federal constitution must be approached on an *ad hoc* basis. The court identified four factors to be considered: length of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant. No one of these factors is determinative. *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183. We use the same approach in determining whether a defendant has been given his right to speedy trial under the Colorado Constitution. *People v. Spencer*, 182 Colo. 189, 512 P.2d 260; *Falgout v. People*, 170 Colo. 32, 459 P.2d 572.

On August 25, 1972, Jefferson County officials knew that the defendant had been identified by the victim of the robbery and that he was incarcerated in the Denver County jail on Denver charges. A detainer letter was filed against him, but no action was taken to obtain his presence in a Jefferson County court until after he pleaded guilty and was incarcerat-

ed in the state penitentiary on March 2, 1973. From that point on, the Jefferson County proceedings were not occasioned by any undue delay. While Jefferson County authorities could have initiated the court proceedings at any earlier date by obtaining defendant's temporary presence from Denver by means of a writ of habeas corpus *ad prosequendum,* we do not believe that in this case the waiting to proceed in Jefferson County until after the defendant was sentenced by the Denver court constitutes an undue delay. There is no evidence in the record which suggests that Jefferson County authorities attempted to delay the trial so as to prejudice the defendant.

Here defendant admitted that he was aware of the detainer while in the county jail and in the penitentiary. At all relevant times he was represented by counsel. He was arraigned in open court with defense counsel present and acquiesced in the date announced by the court. Yet he did not assert his right to speedy trial until a few days before his trial was to commence. As the Court stated in *Barker v. Wingo, supra,*

"We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." 407 U.S. at 532.

■ Of course, the fact that a person is in prison does not mean he is not prejudiced by outstanding charges against him. As pointed out in *Smith v. Hooey,* 393 U.S. 374, 379, 89 S.Ct. 575, 21 L.Ed.2d 607 and *Dodge v. People,* 178 Colo. 71, 76, 495 P.2d 213, 216, the prisoner loses the possibility of serving at least part of two sentences concurrently. His confinement conditions might be worsened and his incarceration might run longer. His desire for rehabilitation may suffer; and his defense could be prejudiced. However, as we read *Smith v. Hooey, supra,* and *Dodge v. People, supra,* they do not hold that a prisoner's right to speedy trial is *per se* violated when a detainer is placed against him. They merely indicate the factors to be considered in making an *ad hoc* judgment.

■ To show prejudice, the defendant testified he was

dating a young lady in August of 1972 when the robbery was alleged to have taken place. She visited him in the Denver County jail. He no longer knows her whereabouts. On this evidence the district court ruled that one of defendant's witnesses may not be available because of the delay which has occurred. Defendant's testimony does not suggest that he would call his girl friend in his defense or that her testimony would be relevant to any issue at trial. In our opinion, her absence does not suggest any prejudice to defendant's case.

■ The defendant testified that he was particularly concerned about this case. He offered no medical testimony regarding his anxiety, nor did he seek to notify authorities regarding his concern over the delay. We cannot say his anxiety amounts to prejudice. And we note his anxiety in no way caused him to request an earlier trial.

The defendant testified that the outstanding detainer filed against him at the penitentiary caused him to be held in maximum security whereas had there been no detainer he would have been placed in minimum security. It also hampered him in his rehabilitation efforts. We do not disagree with the trial court that the detainer caused the defendant additional burdens at the penitentiary. Also, the defendant lost the possibility of having the time he served from March, 1972, count on the Jefferson County charge. However, once defendant was incarcerated in the penitentiary, the Jefferson County authorities acted expeditiously in getting the defendant to trial.

Considering all the above mentioned factors, it is our judgment that the defendant was not denied his constitutional right to a speedy trial. Accordingly, the case is reversed and remanded for trial.

MR. JUSTICE GROVES does not participate.