536 P.2d 850 (1975)
The PEOPLE of the State of Colorado, Plaintiff-Appellant,
v.
SLENDER WRAP, INC., Defendant-Appellee.
No. 74-332.
Colorado Court of Appeals, Div. II.
April 1, 1975.
Rehearing Denied April 22, 1975.
Certiorari Denied July 7, 1975.
*852 Alexander M. Hunter, Dist. Atty., Peter Hofstrom, Deputy Dist. Atty., Boulder, for plaintiff-appellant.
Alperstein, Plaut & Barnes, P. C., Arnold Alperstein, Lakewood, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
The People appeal from an order of the district court dismissing the information against defendant corporation on the ground that defendant was denied a speedy trial. We reverse.
On February 13, 1973, a search warrant issued and a search was made of defendant's premises, resulting in the seizure of a number of items and arrest of defendant's employees. On February 20, a complaint was filed against defendant in county court with a summons issued directing defendant to appear in that court on March 27. Defendant filed a motion for a preliminary hearing in the county court, as well as motions for change of venue and disqualification of the judge. On May 17, a preliminary hearing was held in county court. A determination of probable cause was made and defendant was bound over to district court. Defendant next moved for a preliminary hearing in the district court and this issue was contested over the next several months. It was not until April 1, 1974, that defendant entered a plea of not guilty to all counts of the information filed in the district court.
Argument on an additional motion for preliminary hearing was heard on April 23, 1974, on which date defendant advised that it would waive its right to jury trial and moved to dismiss for failure to provide a speedy trial. The court then offered to set trial for May 20, but the prosecution indicated a preference for a June date. The matter was set for trial June 17, 1974. Defendant reserved the right to move to dismiss for failure to provide a speedy trial, which motion was subsequently made and granted by the court on May 29, resulting in the dismissal of the information with prejudice.
Among the findings of the trial court was the following:
"The following time periods have elapsed since the defendant was first `arrested'. (a) Seven days from the search of the defendant's premises to issuance of the summons and complaint. (b) thirtyfive days from the issuance of the complaint and summons to the return date of the summons. (c) Seventy-eight days from the filing of the request in the county court for a preliminary hearing to the holding of the preliminary hearing in county court. (d) Eighteen days from the bind over in county court to service upon the defendant of the information in district court. (e) Ninety-two days from Judge Scott's disqualification to the hearing on the motion for preliminary hearing, motion to supress evidence and motion for bill of particulars. (f) Fifty days from the Court's order granting a new preliminary hearing to the time the District Attorney filed his request for a writ of prohibition with the Supreme *853 Court. (g) Forty-three days from the Court's Order that suppressed evidence was to be returned forthwith until the day the evidence was actually returned. (h) Forty-eight days from the Court's order that a bill of particulars be provided until it was in fact provided. (i) Thirty-one days from the Court's order granting defendant's motion for discovery until the information was provided to the defendant. (j) One-hundred sixteen days from the filing of the petition for writ of prohibition to the time the Supreme Court ruled thereon. (k) The total time elapsed from the date when the defendant's premises were searched and its employees arrested to the date set for trial is fivehundred days."
The People contend that the trial court improperly applied Colorado law pertaining to the right to speedy trial, incorrectly attributed all delay in the case to the People, failed to apply Federal Constitutional standards for speedy trial as set out by the United States Supreme Court. The People further contend that it was improper to find that defendant's right to speedy trial was violated without a finding that defendant had been prejudiced by the delay.

I.
Defendant contends first that this appeal should be dismissed pursuant to C.A.R. 3(a) because in filing its designation of record on appeal, the People failed to serve notice on the defendant as required by C. A.R. 10(b). The People admit their omission but contend that dismissal is not required by C.A.R. 3(a).
Dismissal of the appeal for failure to serve notice of designation of record is made discretionary by C.A.R. 3(a), and we consider dismissal inappropriate in this case. The purpose of requiring notice where less than the entire record is designated on appeal is to permit the appellee an opportunity to add to the designated portions. Examination of the record reveals that defendant obtained a copy of the designation and by motion to the trial court obtained permission to add to the designated record. Consequently, defendant has not been sufficiently prejudiced to justify dismissal of the appeal.

II.
By provision of statute and by a recently amended rule of procedure, a defendant is entitled to be tried within six months of the entry of a plea of not guilty. Section 18-1-405, C.R.S.1973 (1971 Perm. Supp., C.R.S.1963, 40-1-505); Crim.P. 48(b)(1) and 59. In this case the plea of not guilty was entered on April 1, 1974, less than two months before the dismissal of the case for failure to provide a speedy trial, and consequently neither the statute nor the rule has been violated. However, the right to a speedy trial is guaranteed by the Colorado Constitution, Art. II, Sec. 16, and by the Sixth and Fourteenth Amendments to the United States Constitution, and this constitutional protection is independent of any right established by statute or rule. Potter v. District Court, Colo., 525 P.2d 429.
The determination of whether defendant's constitutional protections have been violated requires a balancing of the conduct of the People and of the defendant, which compels an ad hoc approach to cases where the right is asserted. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; People v. Spencer, Colo., 512 P.2d 260. In Barker v. Wingo, the United States Supreme Court identified four factors to be weighed in the balancethe length of the delay, the reason for the delay, the defendant's assertion or demand for a speedy trial, and the prejudice to the defendant. These factors have been applied by the Colorado Supreme Court, People v. Buggs, Colo., 525 P.2d 421; Potter v. District Court, supra; People v. Spencer, supra, and no one of them alone is determinative.

Length of Delay
The findings of the district court indicate that the court considered the overall *854 delay in this case to encompass five-hundred days. However, since the total number of calendar days between the date of the arrest and date set for trial falls short of that number, this finding is erroneous on its face. Moreover, we are unable to agree with the district court that defendant's constitutional right arose at the time of the search of its premises and the arrest of its employees.
Both the federal and state constitutions provide that an "accused" is entitled to a speedy trial. While this constitutional protection need not necessarily await indictment, information, or other formal charge, it is ordinarily,
". . . either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468.
While it may be proper in many cases to consider such effects of arrest as the deprivation of liberty, loss of employment and financial resources, personal and family anxiety, social obloquy and public opprobrium, the instant case involves several factors which do not appear in most reported cases in which the right to speedy trial is raised. Defendant here in a corporation; hence, it is not subject to incarceration but is certainly susceptible to some of the economically harmful effects resulting from the initiation of a criminal prosecution. In this case, however, the record is devoid of findings or evidence to support a finding of prejudice arising from such factors. For this reason, the period of delay which we consider as relevant to the assertion of this defendant's right began on the date when probable cause was determined and the defendant was bound over to the district court at the preliminary hearing in county court, May 17, 1973. It was on this date that the defendant was placed in the same relative position, as far as its status as an "accused" is concerned, as if there had been an indictment or information filed in the district court. That date is three months later than the date of the search of defendant's premises, which appears to be the date from which the district court measured the length of delay in this case.
It also appears from the findings of the trial court that the time involved in the People's petition for writ of prohibition was included in calculating the period of delay to which the defendant was subjected. That period of almost four months was improperly considered as delay. The petition was not frivolous, as evidenced by the opinion issued when the rule was made absolute. See Hunter v. District Court, Colo., 519 P.2d 941. Thus, the period of time considered by the district court to amount to delay affecting defendant's right should be reduced by almost seven months, leaving a period of between nine and ten months, which may be properly considered as the critical time which must be examined to determine if there was a denial of the right to a speedy trial.

Reason for Delay
While admitting the delay to be greater than ideal, the People argue that the reason for delay lies in the extensive pretrial motion practice employed by defendant and a lack of timeliness in filing and answering motions on the part of both parties. The district court made specific findings that none of the delay was attributable to any action of the defendant, that at all times this case had priority on the court's docket, and that other cases in the judicial district filed subsequent to the filing of charges in this case had been heard and resolved.
The constitutional right to speedy trial means a trial consistent with the court's business. People v. Mayes, 178 Colo. 429, 498 P.2d 1123; Jaramillo v. District Court, 174 Colo. 561, 484 P.2d 1219. Furthermore, it is the responsibility of the District Attorney and the trial court to "assiduously avoid any occasion for useless *855 and unnecessary delay in the trial of a criminal case." People v. Murphy, Colo., 515 P.2d 107. However, there is nothing in the record before us which would support a determination that there was any material delay in this case which was in fact unnecessary. At the end of the court's findings and conclusions, it stated:
"It is not the function of the Court to assess the blame for the delay in this case on either the District Attorney or the court. Rather, the Court must determine whether or not any of the delays were occasioned by any act or omission to act on the part of defendant. The Court has determined that the delays were not occasioned by the defendant and the defendant has been denied his constitutional right to a speedy trial.. . ."
We do not agree with this conclusion. A period of undesirable delay which falls short of violating statutory and procedural rule protection, is not a denial of defendant's right to a speedy trial merely because defendant did not cause the delay.

Demand and Prejudice
While there is supportive evidence of defendant's desire for a speedy trial, that fact alone is not determinative of whether defendant was denied its right. This factor, though in the defendant's favor, is to be weighed along with the other elements which must be given consideration in the balancing of the rights of the defendant and the People. See Barker v. Wingo, supra.
There was no findings that defendant had been prejudiced by delay. Whether or not defendant can show such prejudice is simply another factor to be considered and also is not decisive of whether defendant's constitutional rights have been violated. Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183. But where there has been no finding that the People were in some way to blame for unnecessary delay, then the absence of a finding of prejudice to the defendant must be heavily weighted in the balancing process.
When this case is considered in light of the factors raised in Barker v. Wingo, supra, it appears that while delay has occurred, defendant has not made a showing of prejudice, nor can any significant part of the delay be said to have been unnecessarily caused by the People. We therefore conclude that the fact of delay in this case is insufficient alone to amount to a violation of defendant's right to a speedy trial.
Judgment is reversed and cause remanded with directions to reinstate the information and set the matter for trial as soon as the court docket permits.
PIERCE and STERNBERG, JJ., concur.