## No. 26954

**Rudy Saiz v. The District Court in and for the Tenth Judicial District, State of Colorado, and The Honorable Jack F. Seavy, one of the Judges thereof**

(542 P.2d 1293)

Decided December 1, 1975.

Darol C. Biddle, for petitioner.

J. E. Losavio, Jr., District Attorney, Charles Malouff, Deputy, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is an original proceeding in the nature of mandamus. The petition asserts that the defendant, Rudy Saiz, has been denied a speedy trial and seeks dismissal of a pending criminal information. We issued a rule to show cause and now discharge the rule.

The Constitutional provisions, statutes, and rules relating to a speedy trial cannot support a claim for relief when a factual basis does not appear in the record. *U.S. Const.* Amend. VI; *Colo. Const.* Art. II, Sec. 6; section 18-1-405, C.R.S. 1973; Crim. P. 48(b)(1). The record which is before us consists of a petition containing sparsely substantiated allegations of fact and the prosecution's answer to the show cause order. No reply was filed, although our order to show cause granted the petitioner the

right to file a reply brief. Thus, we are limited to the undisputed facts that appear in the petition and the answer in resolving the speedy trial issue.

Both our rule and the statute require that a defendant be brought to trial within six months after the entry of a plea of not guilty. Section 18-1-405(1), C.R.S. 1973; Crim. P. 48(b)(1). *See also Potter v. District Court,* 186 Colo. 1, 525 P.2d 429 (1974). The burden, however, is upon the defendant to establish that he has been denied a speedy trial in violation of the statute or rule or that his constitutional right to a speedy trial requires dismissal. *See People v. O'Neill,* 185 Colo. 202, 523 P.2d 123 (1974); *Casias v. People,* 160 Colo. 152, 415 P.2d 344, *cert. denied,* 385 U. S. 979, 87 S.Ct. 523, 17 L.Ed.2d 441 (1966); *Jordan v. People,* 155 Colo. 224, 393 P.2d 745 (1964). In this case, the record fails to sustain the burden which the defendant must meet if relief is to be granted.

The transaction which brought about the charges in this case occurred on August 17 and 18, 1974. Rudy Saiz, who was then seventeen years of age, allegedly committed the crimes of first-degree burglary and aggravated robbery — Class 3 Felonies — on August 17. The victim of the crime died the following day from injuries that were inflicted in the commission of the robbery, and this resulted in an indictment for murder.

Charges were initiated against the defendant by the filing of a delinquency petition. The delinquency petition asserted that the defendant had committed first-degree burglary, aggravated robbery, and second degree criminal trespass. Shortly after this, a grand jury indicted the defendant for murder. On December 12, 1974, following a transfer hearing, juvenile jurisdiction was waived as to the first-degree burglary and aggravated robbery charges, and on the following day a two-count information was filed charging the defendant with first-degree burglary and aggravated robbery. The district attorney then filed a motion to consolidate the murder case and the burglary and robbery case. Thereafter, on December 23, 1974, the defendant appeared with counsel and entered a plea of not guilty to both the burglary and the robbery charges. The plea was entered before the motion to consolidate was determined. The motion to consolidate the two cases was granted on January 16, 1975.

When the motion to consolidate was heard, defense counsel agreed that all pretrial motions regarding the two cases would be heard at the same time, presumably because the same evidence was involved and many of the legal issues coalesced. The combined defense motions were heard on January 29 and 30, 1975, and at the request of defense counsel time was afforded for the filing of briefs. The trial court ruled on the motions on June 30, 1975.

Thereafter, on July 17, 1975, the defendant filed a motion to dismiss for failure to grant a speedy trial as to the robbery and burglary charges. A plea was finally entered on the murder charge on July 23, 1975, and the defendant's motion to dismiss for failure to grant a speedy trial was denied on July 31, 1975. The trial date was set immediately after the motions were determined.

■ The evidence of waiver, which appears in the record, and the apparent stipulation, causes us to conclude that the six-month criminal statute of limitations runs in this case from the time the plea was entered on the murder charge. Both the statute and the rule exclude delay which is caused by, agreed to, or created at the instance of the defendant. Section 18-1-405 (6) (f), C.R.S. 1973; Crim. P. 48(b)(6)(VI).

■ The right to a speedy trial may be waived. *Valdez v. People,* 174 Colo. 268, 483 P.2d 1333 (1971); *Keller v. People* 153 Colo. 590, 387 P.2d 421 (1963). In this case, the agreement relating to the hearing of motions on the consolidated cases resulted in a waiver of the defendant's right to claim that the limitative period commenced to run after entry of the plea on the robbery and burglary charges. Moreover, it was incumbent upon defense counsel to enter a plea on the murder charge after the cases were consolidated if he intended to take advantage of the limitative period.

In *People v. Fay,* 6 N.Y.2d 82, 160 N.Ed.2d 34 (1959), the court said:

"Where indictments are consolidated, as in the consolidation of civil actions, *they become a single criminal action from and after the order of consolidation. . . .* By analogy, *the consolidation of criminal actions makes them thereafter one.*" [Emphasis added.]

*See ABA Standards Relating to Joinder and Severance* § 3.1.

■ It is also noteworthy that the defendant did not make a demand for a jury trial until after the motions which he had filed were denied. The demand-waiver rule was cast aside as the sole test in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) but the failure to make demand is still a factor to be considered. *See People v. Spencer,* 182 Colo. 189, 512 P.2d 260 (1973). No prejudice has been shown, and the length of delay, the cause of the delay, as well as the defendant's failure to make a more timely demand for a speedy trial, convince us that his constitutional rights were not violated. Erickson, *The Right to a Speedy Trial: Standards for Its Implementation,* 10 Houston L. Rev. 237 (1973).

Accordingly, the rule is discharged.