The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Paul CHAVEZ, Defendant–Appellee.

No. 88SA136.

Supreme Court of Colorado, En Banc.

Sept. 18, 1989.

Jon Neil Barclay, Dist. Atty., Trinidad, for plaintiff-appellant.

Garrett Sheldon, Walsenburg, for defendant-appellee.

Justice ERICKSON delivered the Opinion of the Court.

The defendant, Paul Chavez, was charged in a criminal complaint in the Las Animas County Court with two counts of sexual assault on a child, section 18–3–405, 8B C.R.S. (1985 Supp.). Nearly two years after the complaint was filed, the defendant moved to dismiss the charges on the ground that he was denied his constitutional right to a speedy trial. The district court granted the motion, and the district attorney appealed. We affirm.

■ Both the sixth amendment to the United States Constitution and article II, section 16 of the Colorado Constitution guarantee an accused the right to a speedy trial. In addition, the defendant's constitutional right to a speedy trial is fortified by section 18–1–405, 8B C.R.S. (1986 and 1987 Supp.), and Crim.P. 48(b), which were intended to clarify and simplify the parameters of the constitutional right. *Carr v. District Court*, 190 Colo. 125, 543 P.2d 1253 (1975).

Section 18–1–405, 8B C.R.S. (1986 and 1987 Supp.), and Crim.P. 48(b), mandate dismissal of pending charges if a defendant is not brought to trial within six months after entry of a plea of not guilty. The prosecution contends that the defendant's rights to a speedy trial were not abridged in this case because the trial was scheduled within six months after the defendant entered a plea of not guilty. Under the facts of this case, the delay in bringing the defendant to trial must also be judged according to constitutional standards. *See Gelfand v. People*, 196 Colo. 487, 586 P.2d 1331 (1978).

■ It is the duty of both the prosecution and the trial judge to secure and protect the defendant's right to a speedy trial. *People v. Colantonio*, 196 Colo. 242, 583 P.2d 919 (1978); *see* II ABA Standards for Criminal Justice, Standard 12–1.2 (2d ed. 1980).

■ The constitutional right to a speedy trial attaches with the filing of a formal charge. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *People v. Velasquez*, 641 P.2d 943 (Colo.1982). When the constitutional right to a speedy trial is asserted, it is necessary to apply the four-factor *ad hoc* balancing test which was established in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *People v. Small*, 631 P.2d 148 (Colo.1981), and *People v. Spencer*, 182 Colo. 189, 512 P.2d 260 (1973), we relied on the *Barker* test to determine the speedy trial issue under the Colorado Constitution. The four factors are: the length of delay, the reason for the delay, the defendant's assertion or demand for a speedy trial, and prejudice to the defendant. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192. The burden is on the defendant to prove that he has been denied a speedy trial. *People v. Small*, 631 P.2d at 154. The *Barker* balancing test for resolving the constitutional speedy trial issue requires consideration of all of the relevant facts.

The sexual assault in this case allegedly occurred in an elementary school in Trinidad, Colorado. Paul Chavez was an elementary school teacher who was charged with sexually assaulting two of his second-grade pupils. K.M., an eight-year-old girl, told her mother about acts that were committed by the defendant in the classroom and in the adjoining closet. The mother reported the incident to the school principal, Frank Welch. K.M. told her mother that when they were celebrating Valen-

tine's Day on February 17, 1986, the defendant took four pupils, two boys and two girls, into the closet in the classroom, forced them to undress and then sexually molested them, threatened them with a knife, and told them not to tell what happened in the closet. Welch commenced an investigation and obtained assistance from the Department of Social Services. The four pupils who were allegedly involved and others were interviewed by investigators from the Department of Social Services. Medical examinations of the children did not indicate penetration, although K.M. said that penetration occurred. The investigation culminated in the filing of a criminal complaint on April 17, 1986, charging the defendant with sexual assault on W.B., a boy, and on K.M., a girl, on February 17, 1986. A preliminary hearing, which was scheduled for May 23, 1986, was postponed until video depositions of K.M. and W.B. could be taken pursuant to section 18–3–413, 8B C.R.S. (1986). Defense counsel was denied the right to be present when the video depositions were taken. Copies of the videotapes were made available to defense counsel. The videotaped interviews or depositions, although to a large extent inaudible, were admitted, over objection, at the preliminary hearing on September 4, 1986. The county court found probable cause to believe the defendant committed the crimes charged, and the defendant was bound over to the district court for trial and ordered to appear in the district court on September 22, 1986.

Thereafter, an information and a number of motions were filed. The district court determined that K.M. and W.B. were medically unavailable within the meaning of section 18–3–413 and CRE 804(a), and on January 5, 1987, permitted further video depositions to be taken, because the first videotapes were to a large extent inaudible. The defendant's arraignment was postponed by the district judge, according to his usual practice, until all motions and pretrial matters were determined. The defendant was not arraigned and did not enter his plea of not guilty until December 2, 1987. Trial was then scheduled for March 23, 1988.

The defendant filed a motion to dismiss for denial of a speedy trial on March 21, 1988, and the motion was granted on March 22, 1988. The motion, in essence, asserted six grounds for dismissal:

(1) A transcript of the preliminary hearing could not be obtained because the videotapes were to a large extent inaudible and the testimony of the children was inconsistent with later videotaped depositions.

(2) Dilatory actions of the district attorney and the trial judges's policy and procedure prevented the defendant from being arraigned in a timely manner.

(3) The delay created prejudice because two key witnesses have forgotten what they said when they were interviewed in March and June of 1986, and were thereafter repeatedly questioned by investigators from the Department of Social Services.

(a) Four pupils were allegedly present when the sexual assault occurred. K.M. and W.B., who were named in the complaint, and P.B. (a boy) and L.T. (a girl).

(b) P.B. in an interview contained in a report dated March 31, 1986, stated that there was nothing to tell "because nothing happened." He repeated the statement on June 3, 1986. L.T. contradicted the statement of K.M. and W.B.

(c) Both L.T. and P.B. have forgotten what was said in former interviews, but have been questioned many times and have been told by social service investigators how important their testimony is to obtain a conviction.

(4) Frank Welch, the principal of the school, provided a statement on May 29, 1986, which said: "When I talked to K.M. about the incident she stated that she was absent the day that happened but L.T. had told her about it the following day." During the second videotaping defense counsel was permitted to cross-examine K.M. and she denied making the statement to the principal. Frank Welch died on December 22, 1987, and was a necessary defense witness.

(5) The prosecution's delay in complying with discovery requests prejudiced the defendant. Defense counsel sought copies of the pupils' statements to Phyllis Moniot, an investigator for the Department of Social Services, and an order was entered for production of the social services file. A note prepared by Phyllis Moniot dated February 27, 1987 stated: "Other handwritten notes, our ROC (record of contact sheets) on W.B., K.M., L.T. have been destroyed. These are destroyed after we make summaries in our cases every six months."

(6) Phyllis Moniot was the main investigator and interviewed the pupils on nine different occasions and obtained significantly different statements with the passage of time.

The trial court, in granting the motion to dismiss, made detailed oral findings before entering a formal order of dismissal. First, the trial judge found that the length of the delay in bringing the defendant to trial was significant and resulted in prejudice to the defendant. Second, the delay was not the result of bad faith. The trial judge's policy was to not take a plea until all pretrial matters were concluded and in this case his policy caused a one-year delay. Third, the defendant did not demand, but did not waive, his right to a speedy trial. Finally, the trial court found the delay caused prejudice to the defendant. Here, the credibility of the children was of crucial importance. Frank Welch was an important witness, who interviewed the children and prepared a statement that became of even greater significance because of his death on December 22, 1987. His testimony regarding K.M. would have been exculpatory.

The children are young and have been interviewed on a number of occasions and videotaped twice. In addition, a doctor advised the district attorney of the emotional impact that the interviews and further questioning would have on K.M. The court found that the delay in the videotaping and the loss of memory and recall by the children prejudiced the defendant. The court declared that it was the responsibility of both the court and the district attorney to schedule cases and move them along to prevent delay of the type that occurred here. Accordingly, the court ordered dismissal of the charges. When all of the facts are taken together, amd are considered in accordance with the balancing test in *Barker v. Wingo*, the defendant's constitutional right to a speedy trial was violated.

 The findings of the trial court are supported by the record and will not be disturbed on appeal. The practice of the trial judge in postponing arraignment until all pretrial matters are concluded thwarts the purpose of section 18–1–405 and Crim.P. 48(b) and should not be followed. *See Carr v. District Court*, 190 Colo. at 127, 543 P.2d at 1254. The trial court's analysis of the defendant's constitutional right to a speedy trial is consistent with *Barker v. Wingo, People v. Small*, and *People v. Spencer*.

Accordingly, we affirm.

VOLLACK, J., dissents.

VOLLACK, Justice, dissenting:

I respectfully dissent from the majority's affirmance of the trial court's dismissal of the information on the grounds that the defendant, Paul Chavez, was denied his constitutional right to speedy trial.

## I.

Whether a defendant has been denied his right to a speedy trial under the United States or Colorado constitutions is determined by applying a four-factor *ad hoc* balancing test. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (U.S. Const. amend. VI); *People v. Small*, 631 P.2d 148 (Colo.1981) (Colo. Const. art. II, § 16). In weighing these factors, the defendant has the burden of proving his constitutional right to speedy trial was denied. *Small*, 631 P.2d at 154. The four factors are the length of the delay, the reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192; *Small*, 631 P.2d at 154. None of the four factors is necessary or

sufficient by itself to show that the right to speedy trial was denied. *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193; *Small*, 631 P.2d at 154. The determination is made by considering all the factors together with any other relevant circumstances. *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193; *Small*, 631 P.2d at 154.

The constitutional right to speedy trial is not based on mere speed. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Small*, 631 P.2d at 154. The criminal proceedings must be handled in a manner consistent with the court's business. *Barker*, 407 U.S. at 522, 92 S.Ct. at 2187; *Marion*, 404 U.S. at 313, 92 S.Ct. at 459; *Small*, 631 P.2d at 154; *People v. Mayes*, 178 Colo. 429, 432, 498 P.2d 1123, 1125 (1972). A delay consistent with the constitutional right to speedy trial is not a set period of time, as is the case where one is dealing with the time requirements set out in statutes and court rules. *Small*, 631 P.2d at 154. *See* § 18–1–405, 8B C.R.S. (1986 & 1988 Supp.); Crim.P. 48(b).

## II.

The application of the balancing test of *Barker*, 407 U.S. 514, 92 S.Ct. 2182, is at best a difficult task. The length of delay in this case, as found by the trial court, started at the time the Information was filed on September 22, 1986. The arraignment was on December 3, 1987. Trial was set for March 23, 1988, without objection by the defendant. On March 21, 1988, defendant filed a Motion to Dismiss. The threshold test of *Barker* is whether the delay is presumptively prejudicial to the defendant. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192. If so, the other factors of the balancing test must be addressed. *Id.* Although an eighteen-month delay is extensive, it is not decisive when considered with other circumstances of the case. I therefore must consider and balance the reason for the delay, assertion of right, and prejudice to the defendant, together with other relevant circumstances. *See Barker*, 407 U.S. at 521, 92 S.Ct. at 2187.

The court, on September 24, 1986, granted the defendant thirty days to file motions, and set aside half of October 22, 1986, to hear the motions. The defendant filed several motions on October 21, 1986, and the motions hearing was continued to November 24, 1986. On that date, the defendant advised the court that no plea agreement was possible and the motions hearing was continued to January 5, 1987. Defendant filed additional motions, including one on January 5, 1987. The court ruled on the motions and set May 5, 1987, for video depositions of the two alleged victims, K.M. and W.B. The video depositions were continued until January 14, 1988, due to K.M.'s mother's heart-bypass surgery. After the arraignment on December 3, 1987, defendant continued to file motions up until March 21, 1988, when he filed a Motion to Dismiss. The record reflects that many of the delays were at the defendant's request. The record shows that the defendant did not object to the pace of the proceeding or assert his constitutional right to a speedy trial until March 21, 1988. In ruling on the motion to dismiss, the trial court found that the reasons for the delays did not involve bad faith.

A criminal defendant has the "responsibility to assert his right to a speedy trial." *Small*, 631 P.2d at 155; *see also Barker*, 407 U.S. at 528, 92 S.Ct. at 2191. Chavez first asserted his constitutional right to a speedy trial on March 21, 1988, when he filed a motion to dismiss with the trial court. This motion was filed two days before the date set for trial. Not once did Chavez object to any motion for continuance made by the prosecution or the trial court. In fact, during this period Chavez was responsible for many of the delays—Chavez requested and received a continuance as to the date set for the preliminary hearing and Chavez filed motions for additional discovery in November of 1986, January of 1987, and December of 1987. By mutual agreement of counsel, the trial date was reset for March 23, 1988. Chavez never requested that he be arraigned, although he had a right to arraignment within a reasonable time after being charged. *See People v. Bost*, 770 P.2d 1209, 1217 (Colo.1989) (defendant never attempted to contact the Colorado authorities until after

the detainer was filed); *People v. Velasquez*, 641 P.2d 943, 950 (Colo.1982) (defendant did not seek arraignment—therefore, the six-month statutory speedy trial period did not begin to run); *Saiz v. District Court*, 189 Colo. 555, 558, 542 P.2d 1293, 1295 (1975) ("it was incumbent upon defense counsel to enter a plea on the murder charge" if he intended to take advantage of the limitative period). Chavez's conduct prior to March 21, 1988, does not indicate any desire on his part to proceed to trial at a rate faster than the case was progressing. Chavez's delay in asserting his constitutional speedy trial right is significant. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193; *Small*, 631 P.2d at 156; *People v. Buggs*, 186 Colo. 13, 525 P.2d 421 (1974) (no violation of constitutional right to speedy trial where defendant was arraigned in open court and acquiesced to date set for trial).

Whether the defendant has been prejudiced must be balanced with the other relevant circumstances of this case to determine if in fact there was a violation of his constitutional speedy trial rights. A showing of prejudice, although not independently necessary to a finding of speedy trial deprivation, *Moore v. Arizona*, 414 U.S. 25, 26, 94 S.Ct. 188, 189, 38 L.Ed.2d 183 (1973), relates to the fundamental purposes of the speedy trial right. In this regard the United States Supreme Court has identified three interests that the speedy trial right was designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193 (quoted in *People v. Bost*, 770 P.2d 1209, 1217 (Colo. 1989)). Here the defendant was on summons and was not incarcerated during the period of delay. His attorney, without objection, contributed to and participated in the delays. The death of the witness Mr. Walsh was the defendant's sole concern that his case might be impaired and precipitated the filing of the Motion to Dismiss on March 21, approximately three months after Walsh's death.

Walsh's testimony was to be used to impeach K.M.'s testimony at trial. The prejudice, if any, to the defendant was nullified by the prosecution's stipulating that Mr. Walsh's written statement could be admitted into evidence and considered by the jury without objection.

Based on the above, I conclude that the record does not support the conclusion that the defendant sustained his burden of proof that his constitutional right to speedy trial was violated.

I respectfully dissent.