413 P.2d 797

Carl MODIG, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF COCHISE, Anthony Deddens, Judge of the Superior Court of the County of Cochise, and the State of Arizona by the County Attorney of Cochise County, real party in interest, Respondents.

2 CA–CIV 232.

Court of Appeals of Arizona.
April 29, 1966.

Rehearing Denied June 1, 1966.

Edgar H. Darby, Tucson, for petitioner.

Richard J. Riley, Cochise County Atty., Lyle Allen, Deputy Cochise County Atty., Bisbee, for respondents.

HATHAWAY, Judge.

Petitioner Carl Modig was convicted of drunk driving on May 31, 1961, and appealed to the superior court in Cochise County. He took no further action in the matter, acting on the assumption that prosecution of the case was "entirely within the jurisdiction and discretion of the county attorney." The action remained dormant until January 1965, when the matter was set for trial on motion of the county attorney. Petitioner thereupon moved to dismiss the charge for want of prosecution and the motion was denied.

Modig has applied for a writ of prohibition to restrain respondents from proceeding to trial in criminal cause number 6505 in superior court in Cochise County. The grounds alleged as the basis for such extraordinary relief are that if he is tried and found guilty, A.R.S. § 22–375 precludes further appeal except in special circumstances not applicable here.

■  Petitioner contends that the superior court judge should have granted his motion to dismiss and argues that the trial of the petitioner for a misdemeanor after the passage of four years and ten months exceeds the jurisdiction of the respondent court. He states that since his appeal entitles him to a trial de novo in superior court "and the case will be heard on both the law and the facts as though it had originated in the superior court," citing State v. Phelps, 67 Ariz. 215, 221, 193 P. 2d 921 (1948) and Ex parte Coone, 67 Ariz.

299, 303, 195 P.2d 149 (1948), the burden is upon the county attorney to move the prosecution forward. We agree with the principle quoted from Phelps and Coone, but these cases are not authority for the proposition advanced by petitioner. He also cites Rule VI(e) of the Local Rules of Practice, Superior Court, Cochise County, 17 A.R.S. which provides:

> "All criminal cases on appeal to the Superior Court from a Justice or City Court shall be placed upon the criminal arraignment calendar after the filing of the record on appeal in said cause with the Clerk of the Superior Court. *Upon failure of the State to prosecute said cause with reasonable promptness,* the Court upon motion of counsel, or upon its own motion, may dismiss said cause for want of prosecution, and discharge the defendant." (Emphasis supplied)

The respondents counter that the rule is in conflict with A.R.S. § 22–372, which provides:

> "Bond on appeal; stay of sentence
>
> "A. Execution of the sentence shall not be stayed unless defendant executes a bond with sureties, in an amount fixed by the justice of the peace who gave the judgment, but not to exceed three hundred dollars, and files the bond with such officer when approved by him.
>
> "B. *The condition of the bond shall be that defendant prosecute his appeal with effect* and pay any fine and surrender himself in execution of any imprisonment imposed by the superior court on the appeal." (Emphasis supplied)

Petitioner invokes Rule VI(e) of the Local Rules of Practice of Cochise County, contending that it is clearly based upon the right to a speedy public trial guaranteed by Article 2, Section 24 of the Constitution of the State of Arizona, A.R.S. We do not believe the problem of speedy trial is before us since the petitioner has already had his trial and is in superior court because of his appeal.

We are persuaded from reading the applicable rules and statutes governing appeals from justice court that the burden of going forward with the appeal is no different than any other appeal. A trial de novo is necessary simply because no record exists and a retrial is given "for the purpose, theoretically, of correcting errors of the inferior court." State v. Dodson, 226 Or. 458, 360 P.2d 782, 786 (1961).

Though there is a division of authority as to who has the burden of prosecuting appeals where a trial de novo is afforded on appeal, we feel that the reasoning expressed by the Supreme Court of Oregon in State v. Dodson, supra, in in harmony with the rules and statutes governing petitioner's appeal. The Supreme Court of Oregon therein stated:

> "* * * where the defendant has been accorded a speedy trial in a justice's court or a district court—as it must be presumed was the case here—and has been convicted and appeals to the circuit court the burden is upon him to prosecute his appeal with reasonable diligence. He is not in the same position as one brought into the circuit court in the first instance by the State to answer to a charge. On the contrary, he comes to that court with a judgment of conviction against him which he is seeking to have erased. It is true that he is entitled to a trial de novo, but '[i]t is not a new action, but simply a retrial of an action in an appellate court for the purpose, theoretically, of correcting errors of the inferior court.' (citation) *It is a proceeding in which the defendant, not the State, is the moving party,* not in the sense, of course, that the defendant has a duty to prove his innocence, but in the sense that he must take affirmative steps as prescribed by statute to gain the opportunity to defend a second time against the charge of which he was previously convicted and will not be permitted to win an acquittal simply because of inaction by the State." 360 P.2d at 786. (Emphasis supplied)

We are of the opinion that the petitioner should have at least demanded that the matter be set for trial before seeking to have the matter dismissed for failure of the State to prosecute. The local rule cannot place the burden of the prosecution of the petitioner's appeal upon the State.

The petition for writ of prohibition is denied.

KRUCKER, C. J., and MOLLOY, J., concur.