**No. 27979**

**The People of the State of Colorado v. Jon Randolph Jamerson**

(580 P.2d 805)

Decided July 3, 1978.

Nolan L. Brown, District Attorney, John R. Barksdale, Deputy, for plaintiff-appellant.

Brownstein, Hyatt, Farber & Madden, Mark F. Leonard, Richard S. Bayer, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

On May 12, 1977, the defendant, Jon R. Jamerson, was convicted by a jury of theft by receiving.[1] Shortly thereafter, on May 16, 1977, we held a portion of the theft by receiving statute unconstitutional in *People v. Johnson,* 193 Colo. 199, 564 P.2d 116 (1977). On June 27, 1977, the trial court, on the basis of our decision in *People v. Johnson, supra,* granted the defendant's motion for a new trial. The case was dismissed prior to re-trial on December 20, 1977, on the ground that the defendant's right to a speedy trial had been violated, since he had not been brought to trial

---

[1] Section 18-4-410, C.R.S. 1973 (1977 Supp.).

within three months of the new trial order, pursuant to Crim. P. 48(b)(6)(V) and section 18-1-405(6)(e), C.R.S. 1973. We reverse and remand for a new trial.

The prosecution contends on appeal that a new trial order granted after trial and pursuant to a motion for new trial is equivalent to a reversal on appeal for speedy trial purposes. The trial court's characterization of its decision as a mistrial, therefore, is asserted to constitute error. We agree.

Neither Colorado's speedy trial statute, section 18-1-405, C.R.S. 1973, nor our dismissal rule, Crim. P. 48, distinguishes mistrials from new trials. *Black's Law Dictionary* (rev. 4th ed. 1968), provides the following definitions:

"MISTRIAL. An erroneous, invalid, or nugatory trial; a trial of an action which cannot stand in law because of want of jurisdiction, or a wrong drawing of jurors, or disregard of some other fundamental principle." (Citations omitted.)

"TRIAL. New trial. A re-examination of an issue of fact in the same court after a trial and decision by a jury or court or by referees. . . . A re-examination of the issue in the same court, before another jury, after a verdict has been given. . . . A re-examination in the same court of an issue of fact, or some part or portions thereof, after the verdict by a jury, report of a referee, or a decision by the court." (Citation omitted.)

Similarly, the court in *In re Estate of Bartholomae,* 261 Cal. App.2d 839, 68 Cal. Rptr. 332 (1968), declared:

"A mistrial and a new trial are unlike in both name and effect. A mistrial is equivalent to no trial; it is a nugatory trial. A new trial recognizes a completed trial which for sufficient reasons has been set aside so that the issues may be tried *de novo.* . . ."

We approve of the foregoing definitions and statements. The crucial consideration in applying these principles to a jury trial is whether a verdict has been rendered after the trial is concluded. Prior to the entry of a verdict by a jury, a mistrial is procedurally correct. But once a verdict has been entered, the trial is complete for purposes of appellate review, and a new trial motion can only result in the entry of an order for a new trial. A motion for new trial, although filed in the trial court, is the initial step in the appellate process.

We hold, therefore, that a new trial order pursuant to a new trial motion is similar to a reversal on appeal for purposes of our speedy trial provisions and results in a six-month speedy trial period. Crim. P. 48(b)(2); section 18-1-405(2), C.R.S. 1973.

Accordingly, the judgment of dismissal is reversed, and the cause is remanded for a new trial.

MR. JUSTICE HODGES does not participate.