## No. 28271

## The People of the State of Colorado v.
## Jon Randolph Jamerson

(596 P.2d 764)

Decided June 25, 1979.                     Rehearing denied July 16, 1979.

Nolan L. Brown, District Attorney, John R. Barksdale, Deputy, for plaintiff-appellant.

Brownstein, Hyatt, Farber & Madden, Mark F. Leonard, Richard S. Bayer, for defendant-appellee.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

The People appeal from a judgment of the District Court of Jefferson County which, for a second time, dismissed criminal charges against the defendant-appellee, Jon Randolph Jamerson, for failure to provide him with a speedy trial. Last year, in *People v. Jamerson,* 196 Colo. 63, 580 P.2d 805 (1978), this court held that the same trial court erred in granting an earlier motion by defendant to dismiss for lack of a speedy trial. We remanded the case to the district court on July 19, 1978, for a new trial. On July 20, 1978, the defendant again moved to dismiss, asserting new grounds. The trial court granted the motion. It entered findings of fact and conclusions of law in ruling that defendant's statutory and constitutional right to a speedy trial had been violated. Again, we reverse and remand for a trial on the merits.

A complete chronology of the case is necessary to accurately pose the issues before us for discussion. On February 11, 1976, an information was filed charging the defendant with two counts of theft by receiving, pursuant to section 18-4-410, C.R.S. 1973.[1] The defendant entered a plea of not guilty to those charges on April 26, 1976, and trial was set for October 19 of that year. At the pretrial conference on June 9, the trial was reset for October 12.

---

[1] Now 1978 Replacement Volume 8.

On October 8, four days before trial, the defendant moved for a continuance, and waived his right to a speedy trial for that period of time caused by the continuance, not to exceed six months. Section 18-1-405(3), C.R.S. 1973 (1978 Repl. Vol. 8) and Crim. P. 48(b)(3). The parties agreed to a March 10, 1977, trial date.

On March 7, 1977, the People moved for a continuance because of the absence of a material witness. The trial date was rescheduled for April 5, 1977, still within six months from the defendant's motion for continuance. On April 4, the People again moved for a continuance on the same grounds. The continuance was granted for one additional month, trial to be held on May 10. On May 9, the defendant moved to dismiss the charges for lack of a speedy trial. That motion was properly denied. Section 18-1-405(6)(g)(I) and Crim. P. 48(b)(6)(VII)(A).

Trial was had to a jury on May 10, 11, and 12, 1977. The jury found the defendant guilty of both counts of theft by receiving with which he was charged.

On May 16, 1977, this court delivered its opinion in *People v. Johnson,* 193 Colo. 199, 564 P.2d 116 (1977), declaring a portion of the theft by receiving statute to be unconstitutional. Pursuant to that case, the defendant then moved for a new trial in the district court. That motion was granted on June 27, and the new trial was set for December 20, 1977.[2]

On December 20, the date the trial was to be held, the defendant again moved to dismiss for lack of speedy trial. This time his motion was granted. The trial court determined that its new trial order issued on June 27 should be characterized as a "mistrial" for speedy trial purposes, and that the new trial should have been held within three months of that order (i.e., September 27) under section 18-1-405(6)(e) and Crim. P. 48(b)(6)(V).

The People appealed that decision to this court. We reversed the trial court, *People v. Jamerson, supra,* holding that for purposes of our statutory speedy trial provision, a new trial order pursuant to a new trial motion is similar to a reversal on appeal. We therefore held that, from the date of that order, June 27, the People had six months in which to retry the defendant, terminating on December 27. Section 18-1-405(2) and Crim. P. 48(b)(2). The trial date of December 20 therefore fell within the six-month period, and the motion to dismiss should not have been granted.

Our decision was announced on July 3, 1978. By minute order dated July 19, 1978, we remanded the case to the district court with instructions to proceed on the new trial. The People determined that they had only seven days left in which to try the defendant, seven days being the

---

[2] In oral argument, the People explained that three earlier dates were offered to the defense, but were rejected because of defense counsel's time conflicts.

difference between December 20, 1977, the date the case had been dismissed, and December 27, 1977, the date the speedy trial period would have expired. Trial was set for July 25, 1978, within seven days of the remittitur.

On July 20, the defendant presented his third motion to dismiss for lack of speedy trial, setting forth the two grounds which form the issues before us. First the defendant alleged that the statutory speedy trial period had expired on December 27, 1977, because the People had not moved for a continuance or otherwise tolled the running of the statute after the case had been dismissed. Second, he asserted that his constitutional right to a speedy trial, guaranteed by the Sixth Amendment of the U.S. Constitution and Art. II, Sec. 16 of the Colorado Constitution, had been violated.

The district court agreed on both grounds. It granted defendant's motion to dismiss on July 20, and the People filed a Notice of Appeal on that same day. On July 24, the district court entered findings of facts and conclusions of law, *nunc pro tunc* July 20, which had been submitted to it by counsel for the defendant. The People objected to these findings and conclusions, arguing that the defendant had presented no evidence to support them. These objections and the People's subsequent motion to strike were denied.

From this exhaustive statement of facts, we now proceed to the issues at hand.

I.

The trial court concluded that, under section 18-1-405, defendant's statutory speedy trial period had expired on December 27, despite its dismissal of the case on December 20. It held that the district attorney could have tolled the running of the statute by only two methods. First, the court said the People should have moved for a continuance after the dismissal on December 20 and before December 27. Second, the court determined that the only appellate procedure which tolls the statute is under C.A.R. 21, invoking original jurisdiction of this court.

We find both of these conclusions to be in error. Clearly the People could not have sought a continuance *after* the district court's dismissal on December 20 — there was simply no case to continue. And the district court's admission that, had the prosecution petitioned this court for an original writ, the statute would have been tolled makes its conclusion (that a straight appeal could *not* toll the statute) patently illogical.

The resolution of this issue lies in the fact that the *defendant,* not the state, presented the motion to dismiss which led to the appeal. The defendant moved to dismiss the charges against him on December 20, claiming he had been denied a speedy trial. The court agreed. The prosecution must be allowed to respond to this action by testing the trial court's ruling on appeal. The delay was not occasioned by the prosecutor's action, but by the defendant's own motion. We therefore hold that the period of

time necessary to go through the appellate process, where the appeal stems from a dismissal upon the defendant's motion, tolls the statutory speedy trial period. The provision governing this situation is section 18-1-405(6)(f):

"(6)   In computing the time within which a defendant shall be brought to trial . . . , the following periods of time shall be excluded:

. . .

"(f)   The period of any delay caused at the instance of the defendant."
*See also,* Crim. P. 48(b)(6)(VI).

## II.

■■■   The more serious question is whether the defendant has been denied his constitutional right to a speedy trial. *U.S. Const.* amend. VI; *Colo. Const.,* Art. II, Sec. 16.[3] Rigid time limits, such as statutory six-month limit, are not employed in analyzing the constitutional speedy trial period. Rather, an *ad hoc* balancing test is used, in which the conduct of the prosecution and that of the defendant are weighed. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *People v. Spencer,* 182 Colo. 189, 512 P.2d 260 (1973). *See also* Erickson, *The Right to Speedy Trial: Standards for its Implementation,* 10 Hous.L.Rev. 237 (1973). Four factors to be considered under the *Barker* balancing test are the length of delay, the reasons for delay, the defendant's demands for a speedy trial, and the prejudice to the defendant resulting from the delay.

In the instant case, the defendant filed the motion to dismiss which forms the basis of this appeal on July 20, 1978. At that time, he asserted that he had been prejudiced in several ways by the delay of his new trial. We again point out here that the delay was for the most part occasioned by the granting of defendant's motion to dismiss and the subsequent appeal which reversed that judgment.

The defendant further claimed that he had been held "in light of public scorn and ridicule" and had suffered great anxiety. He further claimed that two defense witnesses had "disappeared" since the first trial, and their absence at the new trial would greatly prejudice him. Finally, he alleged that he had gone to great personal expense in retaining private counsel to defend him, and was not in a financial position to continue to do so. No evidence was presented to the district court to substantiate these allegations. Nonetheless, the court relied on these allegations as its reasons for granting the dismissal on constitutional grounds, over the People's objections.

■■■   While we sympathize with the position the defendant finds himself in, the law in this state is that prejudice to the defendant cannot

---

[3] This inquiry is not foreclosed by our holding in Section I that neither section 18-1-405 nor Crim. P. 48 require reversal. *See Potter v. District Court,* 186 Colo. 1, 525 P.2d 429 (1974).

be presumed solely from the length of delay, nor by unsupported allegations of such prejudice. We said in *People v. Buggs,* 186 Colo. 13, 525 P.2d 421 (1974), that allegations of anxiety must be somehow documented. The same goes for disappearance of witnesses,[4] and financial strain. Because no evidence was presented to the district court, other than statements and motions and briefs, we cannot find that prejudice to the defendant has been proved.

We are struck with the fact that the delay in reaching a final disposition of this case has now stretched to over three years from the date defendant was charged and pleaded not guilty to theft by receiving. However, the reasons for delay which appear in the record greatly mitigate this factor. Five months of delay are directly chargeable against the defendant, by reason of his request for a continuance. For more than a year and a half, the case has been tied up in various appeals, which, as discussed *supra,* cannot be attributed to the conduct of the prosecutor. Slightly more than two months of the delay is directly attributable to the prosecutor, who properly sought two continuances because of the absence of a material witness.

The remainder of the time has been spent scheduling and rescheduling the first trial and the new trial. As pointed out above, this has been done in such a manner to stay within Colorado's six-month rule, and not in disregard of defendant's right to a speedy trial.

We also acknowledge that the defendant has strenuously asserted his right to a speedy trial. He claims on appeal that if he is still forced to go to trial after so much time has passed, this court will be penalizing him for asserting his constitutional right.

We do not agree. Defendant's original motion to dismiss was not legally sustainable as we ruled in *People v. Jamerson, supra.* He cannot now use the fact that a trial court erroneously upheld his position to predicate an argument that an unreasonable delay took place because the prosecution appealed and obtained a reversal of the erroneous ruling.

We hold that there was no denial of a speedy trial here. Once again, the case is remanded to the District Court of Jefferson County for a new trial on the merits.

MR. JUSTICE ERICKSON dissents.

---

[4] We note that, assuming, *arguendo,* these two witnesses have disappeared, their testimony from the first trial has been preserved.