[No. 7072–0–I.   Division One.   January 7, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. PATRICIA R. MAYOVSKY, *Appellant.*

*Chuck Meyer* and *Weckworth, Barer & Meyer*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Christopher A. Washington, Deputy*, for respondent.

SWANSON, J.—Patricia R. Mayovsky appeals her driving while intoxicated conviction following a trial de novo in Superior Court.

Mayovsky's principal contention on appeal is that the trial court erred in failing to dismiss her case for violation of the speedy trial rule, CrR 3.3.[1]

---

[1]At the time of Mayovsky's trial de novo, CrR 3.3(b) provided: "A criminal charge shall be brought to trial within 90 days following the preliminary appearance." The rule was subsequently amended on November 17, 1978. 90 Wn.2d 1150 (1978).

Mayovsky was convicted in district court of driving while intoxicated. She appealed to Superior Court for a trial de novo. After a hung jury, the court declared a mistrial on March 28, 1978; retrial was set for July 10. Upon the State's motion, trial was continued to August 8; however, the case was not called until August 22, 1978. Prior to trial, Mayovsky unsuccessfully moved to dismiss, alleging that she was denied her right to speedy trial as defined in CrR 3.3.

Mayovsky argues that CrR 3.3 is applicable to de novo appeals to superior court after a mistrial occurs in the initial trial on appeal. She relies on *State v. Aleshire,* 89 Wn.2d 67, 568 P.2d 799 (1977), where the court held that, following a mistrial, CrR 3.3 requires that the retrial occur within the applicable period from the date of such mistrial. Mayovsky contends that her burden to pursue diligently her appeal shifted back to the State after the State failed to carry its burden of proving her guilt, as manifested by the hung jury. In effect, she asks this court to expand the holding of *Aleshire* to include a mistrial in a trial de novo in superior court. We decline to so enlarge CrR 3.3.

In *Seattle v. Crockett,* 87 Wn.2d 253, 255, 551 P.2d 740 (1976), which involved an appeal to superior court from a lower court conviction, the court rejected the defendant's contention that CrR 3.3 was violated because he had not been given a trial de novo within 90 days from the date requested by his counsel:

> A trial de novo in superior court as the result of a conviction and appeal taken in municipal court does not signal the initiation of an entirely new criminal process or procedure. The slate has not been wiped clean as, for example, where the defendant is to be tried again following a mistrial or order granting a new trial. . . . The judgment of conviction rendered by the municipal court still exists and the appeal merely suspends operation of the judgment. . . .

A trial de novo . . . represents the exercise of the appellate jurisdiction of the superior court and not its original jurisdiction.

(Citations omitted.) The *Crockett* court held that the speedy trial rule does not apply to a trial de novo in which the superior court's appellate jurisdiction is invoked. The court reasoned that a defendant's right to speedy trial pursuant to CrR 3.3 is satisfied if he or she is afforded a trial in municipal court within 90 days of the preliminary appearance. While the defendant continues to have a constitutionally protected right to a speedy trial on appeal to the superior court, the responsibility for timely noting the case for retrial is on the defendant, not the State.

The reasoning of *Crockett* is persuasive. Mayovsky was afforded a speedy trial in district court under the reasoning of *Crockett,* because she was afforded a trial in district court within 90 days after her preliminary appearance. Although a hung jury in the trial de novo resulted in a mistrial, here it was unlike the mistrial in *Aleshire,* because the "slate" had not been wiped clean, *i.e.,* a new judicial proceeding had not been initiated. The effect of the mistrial was to render the trial de novo a nugatory proceeding, and Mayovsky was left in the same position as before the trial. *See* 2 L. Orland, Wash. Prac. § 220 (3d ed. 1972); *People v. Jamerson,* 196 Colo. 63, 580 P.2d 805 (1978); *United States v. Gladding,* 265 F. Supp. 850 (S.D.N.Y. 1966). Thus, following the mistrial, the district court conviction was merely suspended, and it was incumbent upon Mayovsky subsequently to renote the case for trial in superior court.

Additionally, Mayovsky challenges the sufficiency of the evidence from which the trial court found a waiver of her right to a speedy trial. Because we find no error in the trial court's conclusion that the provisions of CrR 3.3 were not violated, we do not reach this second assignment of error.

Affirmed.

JAMES, A.C.J., and WILLIAMS, J., concur.

Reconsideration denied February 7, 1980.

Review denied by Supreme Court April 3, 1980.