884 P.2d 501

**TOWN OF BERNALILLO,**
**Plaintiff–Appellee,**

v.

**Manuel GARCIA, Defendant–Appellant.**

**No. 15007.**

Court of Appeals of New Mexico.

Aug. 17, 1994.

Certiorari Denied Sept. 27, 1994.

George H. Perez, Bernalillo, for plaintiff-appellee.

Roderick T. Frechette, II, Albuquerque, for defendant-appellant.

## OPINION

HARTZ, Judge.

Defendant was convicted in the Town of Bernalillo municipal court of speeding and driving while intoxicated. He appealed the judgment to the Sandoval County District Court. Pursuant to NMSA 1978, Section 39–3–1 (Repl.Pamp.1991), such appeals are "tried anew . . . on their merits, as if no trial had been had below[.]" *See* SCRA 1986, 8–703(I) (Repl.1990). Defendant claims that delays in conducting the district court trial deprived him of his constitutional right to a speedy trial. U.S. Const. amends. VI, XIV; N.M.Const. art. II, § 14. We hold that, assuming the constitutional right applies to an appellate trial de novo in district court, the facts here do not establish a deprivation of Defendant's constitutional right.

## I. BACKGROUND

Defendant was convicted in municipal court on May 21, 1992. He filed his notice of appeal in district court on May 29. On June 5 the district court scheduled the appeal for hearing before Judge Mayo Boucher on June 17. The Town attorney appeared for the June 17 hearing and announced that he was ready to proceed, but Defendant and his counsel did not appear because he had filed a disqualification of Judge Boucher on June 15. On June 26 Judge Raul Sedillo was assigned to the case. Trial was apparently reset for July 21.

On July 21 the Town filed a motion to reschedule trial because its witness, Officer S.L. Beckett, was training at the state law enforcement academy and his required attendance there would make him unable to attend the scheduled hearing. The Town's motion stated that defense counsel had concurred in the motion and concluded "Defendant [sic] respectfully requests the Court to vacate the current setting and to reset it at the Court's convenience." That same day Judge Sedillo entered an order stating that the trial scheduled for July 21 would be reset at a later date.

On September 14, 1992, defense counsel called the Town attorney to urge him to request a resetting. Defendant asserts that defense counsel made the call after being informed by the district court that only the prosecutor, who was the party that had sought the continuance, could request the

resetting. In the telephone conversation defense counsel expressed his desire for a speedy trial setting. On October 2 the Town filed a request for resetting. Trial was reset for November 19 before District Judge Louis P. McDonald.

On November 4 Defendant moved to dismiss the charges on the ground that the complaints filed in municipal court did not adequately allege the offenses charged. On November 19 Judge McDonald recused himself during argument on Defendant's motion. At the hearing defense counsel expressed concern that almost six months had expired since the filing of the notice of appeal, and SCRA 1986, 8–703(J), requires that appeals be dismissed if still pending in district court six months after filing of the notice.

On November 23 the district court mailed the parties a notice of filing of recusal, which notified them that Judge McDonald had filed a recusal and concluded: "Case remains with assigned Judge Raul Sedillo." Nevertheless, the parties obtained a setting before Judge Kenneth Brown for November 23. At the hearing on November 23 Judge Brown noted that the ten-day period for reassignment of the case had not expired and that the case remained assigned to Judge Sedillo. The parties stipulated that Judge Brown should hear Defendant's motion to dismiss. Judge Brown denied the motion. The order denying the motion was filed on December 9, 1992.

On February 10, 1993, the district court filed and mailed to counsel a notice that Judge Brown was assigned to the case effective on that date. On March 11, 1993, Defendant filed three motions: (1) a motion to reconsider the order of December 9, 1992, (2) a motion to dismiss the prosecution pursuant to SCRA 1986, 8–703(J), (K), and (L), and (3) a motion to dismiss for violation of Defendant's right to a speedy trial.

Trial on the merits was rescheduled for April 1, 1993. On that date Judge Brown first heard Defendant's motions. He denied the motions but, instead of proceeding to trial, agreed to Defendant's request to authorize an interlocutory appeal. The district court filed its order certifying issues for interlocutory appeal on April 13. This court denied the appeal on May 11 and on June 22 remanded the case to district court. Defendant was tried and convicted on both charges on July 16, 1993.

## II. MERITS

The constitutional mandate of a speedy trial is no mere technicality. Justice demands the prompt disposition of criminal prosecutions. The public benefits from expeditious enforcement of the laws. The defendant benefits because pretrial delay can cause "oppressive pretrial incarceration," "anxiety and concern," and "the possibility that the defense will be impaired." *Barker v. Wingo*, 407 U.S. 514, 532, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972); *accord Doggett v. United States*, —— U.S. ——, ——, 112 S.Ct. 2686, 2692, 120 L.Ed.2d 520 (1992).

The Town contends, however, that the constitutional right to a speedy trial applies only to Defendant's trial in municipal court. In its view the constitution provides no right to a speedy trial de novo on appeal.

We recognize that there are important differences between the initial municipal court trial and the appellate trial de novo in district court. In particular, Defendant has already had one trial, the Defendant has been found guilty, and the appeal is taken at the initiative of the Defendant, not the government. Some courts appear to have held that, because of these distinctions, the right to a speedy trial does not arise in an appellate trial de novo. *See State v. Dodson*, 226 Or. 458, 360 P.2d 782 (1961); *Modig v. Superior Court*, 3 Ariz.App. 287, 413 P.2d 797, 799 (1966) ("We do not believe the problem of speedy trial is before us since the petitioner has already had his trial and is in superior court because of his appeal."); *cf. Shafsky v. City of Casper*, 487 P.2d 468, 471 (Wyo.1971) ("[A] defendant cannot take advantage of the right for a speedy trial unless a demand is made.").

Nevertheless, we are reluctant to hold that a defendant's constitutional right to a speedy trial could never be infringed by delays in an appellate trial de novo. We note that several courts have held, or at least assumed, that state or federal constitutional rights to a

speedy trial arise in such trials on appeal. *See Hicks v. People,* 148 Colo. 26, 364 P.2d 877 (1961) (en banc); *State v. McElroy,* 561 A.2d 154, 155–56 (Del.1989); *State v. Brockelman,* 173 Kan. 469, 249 P.2d 692, 695 (1952); *State v. Knox,* 207 Mont. 537, 675 P.2d 950, 952 (1984); *State v. Langone,* 127 N.H. 49, 498 A.2d 731 (1985); *Ex parte Beech,* 591 S.W.2d 502 (Tex.Crim.App.1979) (en banc). We need not, however, decide whether to recognize the constitutional right in these circumstances, because even if the constitutional right applies to appellate trials de novo, the facts in this case do not support Defendant's claim of a violation.

█ We determine whether the constitutional right to a speedy trial was violated by examining the four factors set forth in *Barker* and followed by the New Mexico Supreme Court in *Zurla v. State,* 109 N.M. 640, 642, 789 P.2d 588, 590 (1990). The four factors are: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530, 92 S.Ct. at 2192.

█ The inquiry based on these factors "necessitates a functional analysis of the right in the particular context of the case[.]" *Id.* at 522, 92 S.Ct. at 2188. Important elements of the context here are (1) that Defendant has been found guilty in a presumptively valid trial and (2) the appeal was filed by and for the benefit of Defendant. In particular, in this context it is appropriate that the defendant assume the laboring oar in moving the appellate proceeding to trial. *See State v. Mayovsky,* 25 Wash.App. 155, 605 P.2d 793, 794 ("While the defendant continues to have a constitutionally-protected right to a speedy trial on appeal to the superior court, the responsibility for timely noting the case for retrial is on the defendant, not the State."), *review denied* (Apr. 3, 1980). Unlike the usual situation in which the defendant bears no affirmative responsibility to bring the case to trial, *Zurla,* 109 N.M. at 644, 789 P.2d at 592, the proceedings for a trial de novo on appeal do not even get underway unless the defendant takes the initiative of filing a notice of appeal, SCRA 1986, 8–703(A), (C). We also note that under the Rules of Procedure for the Municipal

Courts promulgated by our Supreme Court, if the appeal is not tried within six months after the notice is filed, the appeal must be dismissed, thereby preserving the conviction below. SCRA 8–703(J). This rule imposes on the defendant the consequences of excessive delay, although dismissal should not occur when the prosecution or the State is responsible for the delay. *See State v. Hrabak,* 100 N.M. 303, 669 P.2d 1098 (Ct.App. 1983). With the above in mind, we now address the four factors.

█ We deal quickly with two of the factors. First, the delay was excessive. The case was a simple one. It had already been tried once before. The notice of appeal was filed on May 29, 1992. The Town apparently was ready to try the case on June 17, 1992, when it appeared before Judge Boucher, not knowing that he had been disqualified. Yet trial was not conducted until more than a year later—on July 16, 1993. Second, Defendant had repeatedly made known his interest in having the appeal tried.

Where Defendant falls woefully short is with respect to the other two factors. He makes no claim that the delay caused any prejudice to his defense, the type of prejudice considered "the most serious" under the *Barker* analysis. 407 U.S. at 532, 92 S.Ct. at 2193; *accord Doggett,* —— U.S. at ——, 112 S.Ct. at 2692. Given the simplicity of the trial and the fact that the case had already been tried in municipal court, the likelihood of such prejudice is slight, and if there had been any prejudice, Defendant could easily have established its existence.

As for "oppressive pretrial incarceration," the record does not reflect that Defendant's liberty was restricted in any fashion pending trial. Likewise, although Defendant's brief in chief claims that he suffered pretrial anxiety and concern, there is no support in the record for that claim.

Defendant's remaining claim of prejudice is that during the delay he was deprived of his driver's license and as a result lost his job. We find this contention entitled to no weight. First, if the revocation of Defendant's driver's license resulted from the conviction that was being appealed, Defendant

could readily have prevented revocation pending disposition of the appeal. Both NMSA 1978, Section 66–5–28(B) (Repl. Pamp.1989), and SCRA 8–703(D) prohibit revocation based on a conviction that is under appeal; and a first DWI offense cannot be the basis for automatic revocation anyway, unless the person convicted does not attend DWI school, *see* NMSA 1978, § 66–5–29(A)(2) (Cum.Supp.1993). Moreover, given the verdict on appeal, a more prompt disposition of the appeal would only have resulted in proper revocation of his license at an earlier date.

Defendant can also take little comfort from the cause of the delay. Nothing suggests any delay caused by the bad faith, or even the negligence, of the prosecution. Not only was it proper for the Town to request a continuance because its witness was committed to training at the law enforcement academy, *cf. State v. Kilpatrick*, 104 N.M. 441, 445, 722 P.2d 692, 696 (Ct.App.) (missing witness), *cert. denied*, 104 N.M. 378, 721 P.2d 1309 (1986), but also Defendant consented to the continuance. The only other delay that could be attributed to the prosecution is the eighteen-day period from September 14, 1992, when defense counsel asked the Town attorney to request a setting, to October 2, when the Town filed its request for resetting. That delay is too short to have constitutional consequences in this factual setting.

Of the remaining delay, much can be attributed to Defendant's motions, his appeal to this Court, and his challenge to the first assigned judge. Delay for these reasons does not impinge upon Defendant's constitutional rights. *See State v. Grissom*, 106 N.M. 555, 562, 746 P.2d 661, 668 (Ct.App. 1987). The rest of the delay resulted from the need to reset the case for trial on several occasions. Some delay in resetting is inevitable and violates no constitutional right, but there appears to have been a failure on at least two occasions (after vacating the July setting and after the November 23 hearing) to reset trial with sufficient promptness. Although we cannot be certain of the causes of these failures, the record indicates significant confusion regarding which judge was assigned to the case. As discussed above, De-fendant had the responsibility to try to keep the case from slipping through the cracks. In the absence of any showing of further attempts by Defendant to expedite the appeal, we will not weigh in Defendant's favor the delays arising from failure to calendar the case for trial.

Weighing the four *Barker* factors in the context of an appellate trial de novo in district court, we hold that Defendant has failed to establish a violation of his constitutional rights.

### III. CONCLUSION

We affirm the district court judgment.

**IT IS SO ORDERED.**

BLACK and BOSSON, JJ., concur.