This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF AZTEC,**

Plaintiff-Appellee,

**v.**                                                                               **No. A-1-CA-36389**

**ANTHONY J. SISNEROZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene Marsh, District Judge**

Robert P. Tedrow, District Attorney
Farmington, NM

for Appellee

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Defendant Anthony J. Sisneroz appeals from his convictions, after a bench trial in the district court, of driving while under the influence of intoxicating liquor or

drugs (DWI), driving on roadways laned for traffic, and open container in vehicle, each contrary to Aztec, N.M., City Code § 24-21-1 (2007). [*See* RP 89; DS 1] In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition that we have duly considered. Remaining unpersuaded, we affirm.

{2}     We initially note that, in his docketing statement, Defendant raised six issues to which this Court responded in our notice of proposed disposition. [*See* DS 5-6; CN 1-14] In his memorandum in opposition, Defendant continues to argue only his speedy trial issue. [*See* MIO 1-4] Accordingly, the remaining five issues are deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue). We therefore respond to Defendant's speedy trial issue.

{3}     In his docketing statement, Defendant contended that the district court erred in denying his motion to dismiss for violation of his speedy trial rights. [DS 6] However, because Defendant failed to provide any authority for these contentions or develop his arguments, factually or legally, in any meaningful way, in our notice of proposition disposition, this Court proposed to rely on presumptions and affirm. [*See* CN 7-8] In

his memorandum in opposition, Defendant sets forth the relevant dates and continues to assert that his speedy trial rights were violated. [*See* MIO 1-4]

{4}     According to Defendant, he was arrested and booked on September 11, 2015 and bonded out the next day on September 12, 2015. [MIO 1] He pleaded not guilty, and he was adjudicated guilty at his municipal court trial on or about March 2, 2016. [MIO 1] On March 3, 2016, Defendant timely appealed to the district court. [MIO 1-2] On March 11, 2016, he filed, among other things, a demand for speedy trial. [MIO 2] A jury trial was noticed for July 21, 2016 but the City's motion for continuance was granted, and a new trial was set for September 1, 2016. [MIO 2] Subsequently, for reasons unclear from Defendant's memorandum in opposition and the record, the trial was rescheduled for October 28, 2016. [MIO 2; RP 45, 47-48] After the jury trial was rescheduled for October 28, 2016, the City moved to vacate the jury trial and reset the matter as a bench trial because Defendant was not entitled to a jury trial. [MIO 2; RP 49] A bench trial was scheduled for December 21, 2016. [MIO 2-3]

{5}     Based on these facts, Defendant asserts that by the time of the bench trial the charges against him had been pending for over fifteen months, over eight of which were part of the de novo appeal to the district court, through no fault of his. [MIO 3] Defendant argues that because his de novo appeal had been pending in the district court since March 3, 2016—i.e., for more than six months from the filing of the notice

of appeal—and because all of the continuances were obtained by the prosecution, his speedy trial rights were violated. [MIO 3] Defendant further argues that because the trial only took just over two hours, it was clearly a simple case and an eight-month delay is unreasonable. [MIO 4] However, the only statement that Defendant offers regarding the purported prejudice that he suffered is that the "excessive delay for no good reason, together with the availability of mechanisms to speedily bring this case to trial," created prejudice for him. [MIO 4] In other words, Defendant argues that he was prejudiced simply because the case could have proceeded more quickly than eight months. [*See* id.]

{6}     "In determining whether a defendant's speedy trial right was violated, [New Mexico] has adopted the United States Supreme Court's balancing test in *Barker v. Wingo*, 407 U.S. 514 . . . (1972)." *State v. Smith*, 2016-NMSC-007, ¶ 58, 367 P.3d 420. "Under the *Barker* framework, courts weigh the conduct of both the prosecution and the defendant under the guidance of four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the timeliness and manner in which the defendant asserted his speedy trial right; and (4) the particular prejudice that the defendant actually suffered." *Id.* (internal quotation marks and citation omitted). "In analyzing these factors, we defer to the district court's factual findings that are supported by substantial evidence, but we independently review the record to determine whether a

4

defendant was denied his speedy trial right and we weigh and balance the *Barker* factors de novo." *State v. Flores*, 2015-NMCA-081, ¶ 4, 355 P.3d 81. Our Supreme Court has emphasized that "[t]he heart of the right to a speedy trial is preventing prejudice to the accused." *State v. Serros*, 2016-NMSC-008, ¶ 4, 366 P.3d 1121 (internal quotation marks and citation omitted).

{7}     "The length of delay serves two purposes under the speedy trial analysis." *State v. Spearman*, 2012-NMSC-023, ¶ 20, 283 P.3d 272. First, it "acts as a triggering mechanism requiring further inquiry into the *Barker* factors once the delay has reached a specified amount of time, depending on the difficulty of the case." *Spearman*, 2012-NMSC-023, ¶ 20 (internal quotation marks and citation omitted). Second, it is "one of the four *Barker* factors to be weighed and balanced in the final speedy trial inquiry." *Spearman*, 2012-NMSC-023, ¶ 20. "A delay of trial of twelve months is presumptively prejudicial in simple cases[.]" *Flores*, 2015-NMCA-081, ¶ 5. In the present case, the eight-month delay complained of by Defendant does not meet this "presumptively prejudicial" standard. *Cf. Town of Bernalillo v. Garcia*, 1994-NMCA-111, ¶ 15, 118 N.M. 610, 884 P.2d 501 (indicating that in a de novo appeal to the district court, the relevant time period to analyze for speedy trial purposes is the time from the filing of the defendant's notice of appeal in the district court to the date of the trial). Accordingly, the *Barker* factors have not been triggered. *See State v.*

*Garza*, 2009-NMSC-038, ¶ 15, 146 N.M. 499, 212 P.3d 387 (quoting with approval *Barker*'s explanation that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance" (internal quotation marks and citation omitted)).

{8}     Additionally, in *Garza*, our Supreme Court clarified that even if the length of delay is presumptively prejudicial, unless the other factors weight heavily in the defendant's favor, "[the d]efendant must still show particularized prejudice cognizable under his constitutional right to a speedy trial and demonstrate that, on the whole, the *Barker* factors weigh in his favor." *Smith*, 2016-NMSC-007, ¶ 59; *Garza*, 2009-NMSC-038, ¶ 39. In determining "whether [the d]efendant has suffered prejudice from the delay in bringing his case to trial, we analyze three interests that are affected by the right to a speedy trial: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Serros*, 2016-NMSC-008, ¶ 84 (internal quotation marks and citation omitted). In the present case, Defendant has failed to show particularized prejudice cognizable under his constitutional right to a speedy trial. *See Smith*, 2016-NMSC-007, ¶ 59. Indeed, Defendant's failure to identify any actual prejudice suffered, instead only stating that prejudice existed because the case was slightly delayed [*see* MIO 4], is an insufficient showing of prejudice that does not address any

6

of the above-identified interests. *See State v. Suskiewich*, 2016-NMCA-004, ¶ 31, 363 P.3d 1247 (concluding that the defendant's speedy trial rights were not violated when he failed to demonstrate prejudice and the other factors did not weigh heavily in his favor); *see also Serros*, 2016-NMSC-008, ¶ 4 (emphasizing that "[t]he heart of the right to a speedy trial is preventing prejudice to the accused" (internal quotation marks and citation omitted)); *Garza*, 2009-NMSC-038, ¶ 39 (explaining that "generally a defendant must show particularized prejudice," and it is only where "the length of delay and the reasons for the delay weigh heavily in [the] defendant's favor and [the] defendant has asserted his right and not acquiesced to the delay" that "the defendant need not show [particularized] prejudice" in order to prevail on a speedy trial claim). We therefore conclude that Defendant's right to a speedy trial was not violated.

{9}     Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm Defendant's convictions.

{10}    **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

7

_____
**J. MILES HANISEE, Judge**

8