The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
September 29, 2022

## 2022COA114

**No. 22CA0506, People v. Mangum — Criminal Procedure — Postconviction Remedies; Criminal Law — Rights of Defendant — Speedy Trial**

Relying on *People v. Jamerson*, 196 Colo. 63, 580 P.2d 805 (1978), a division of the Colorado Court of Appeals concludes that, pursuant to section 18-1-405(2), C.R.S. 2021, a defendant's speedy trial period commences when the postconviction court grants the defendant a new trial under Crim. P. 35(c).

COLORADO COURT OF APPEALS                    **2022COA114**

Court of Appeals No. 22CA0506
Mesa County District Court No. 01CR486
Honorable James B. Boyd, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Verle James Mangum,

Defendant-Appellee.

ORDER AFFIRMED

Division III
Opinion by JUDGE FOX
Tow and Yun, JJ., concur

Announced September 29, 2022

Daniel P. Rubinstein, District Attorney, David Mark Waite, Chief Deputy
District Attorney, Grand Junction, Colorado, for Plaintiff-Appellant

Eric A. Samler, Alternate Defense Counsel, Hollis A. Whitson, Alternate
Defense Counsel, Denver, Colorado, for Defendant-Appellee

¶ 1     The People appeal the postconviction court's order granting the motion of defendant, Verle James Mangum, to dismiss his charges for violation of his statutory right to a speedy trial. We affirm.

## I.     Background

¶ 2     On January 29, 2003, Mangum was convicted of one count of first degree murder, one count of second degree murder, and one count of child abuse resulting in death. He was sentenced to life in prison without parole on the first degree murder count, with consecutive sentences of forty-eight and twenty-four years for the other counts. Mangum appealed and a division of this court affirmed his convictions. *See People v. Mangum*, (Colo. App. No. 03CA0919, Aug. 9, 2007) (not published pursuant to C.A.R. 35(f)).

¶ 3     On March 27, 2008, Mangum filed a Crim. P. 35(c) petition for postconviction relief, asserting, in part, that his trial counsel had been constitutionally ineffective. On January 31, 2011, after Mangum was appointed postconviction counsel, his counsel filed an amended petition that additionally claimed Mangum's appellate counsel had been ineffective.

¶ 4     On April 4, 2019, following a four-day evidentiary hearing, the postconviction court entered an order granting Mangum's Crim. P. 35(c) petition.  It found that Mangum's trial and appellate counsel had been constitutionally ineffective and, consequently, vacated his convictions and sentences and ordered a new trial.

¶ 5     On May 17, 2019, the People appealed the postconviction court's order.  A division of this court affirmed and the case was mandated to the postconviction court on August 20, 2021.  *See People v. Mangum*, (Colo. App. 19CA0896, June 24, 2021) (not published pursuant to C.A.R. 35(e)).

¶ 6     On February 23, 2022, Mangum filed a motion to dismiss his charges for violation of his constitutional and statutory rights to a speedy trial.  Citing section 18-1-405(2), C.R.S. 2021, the postconviction court concluded that the People had violated his statutory right by not retrying him within six months of the August 20, 2021, mandate.  Thus, the court granted his motion to dismiss.

## II.    Discussion

¶ 7    The People appeal, arguing that the trial court misinterpreted and misapplied the speedy trial statute.[1]  Reviewing the issue de novo, *see People v. DeGreat*, 2020 CO 25, ¶ 12, we affirm the trial court's ruling, albeit on different grounds, *see People v. Dyer*, 2019 COA 161, ¶ 39 (we may affirm on any ground supported by the record).

¶ 8    "Colorado's speedy trial statute is intended to safeguard a defendant's constitutional right to a speedy trial and to prevent unnecessary prosecutorial and judicial delays in the prosecution of a criminal case." *DeGreat*, ¶ 12.  As relevant here, the statute states:

> (1) Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another

---

[1] Mangum's constitutional right to a speedy trial is not at issue.

3

offense based upon the same act or series of acts arising out of the same criminal episode.

(2) If trial results in conviction which is reversed on appeal, any new trial must be commenced within six months after the date of the receipt by the trial court of the mandate from the appellate court.

§ 18-1-405. "[T]he language of the speedy trial statute is mandatory — it leaves no discretion for the trial court to make exceptions to the six-month rule beyond those specifically enumerated in [the statute]." *DeGreat*, ¶ 13.

¶ 9     The parties dispute which provision of the statute applies when, as here, the postconviction court grants a new trial, the People appeal, and the decision is affirmed. No case appears to explicitly address the issue.

¶ 10    The People say subsection (1) applies, asserting that Mangum needed to enter a new plea to trigger the six-month speedy trial period.

¶ 11    The postconviction court, relying on *People v. Curren*, 2014 COA 59M, concluded that subsection (2) applies and that Mangum's speedy trial period began when our court mandated the case and returned it to the postconviction court.

4

¶ 12    Mangum, however, advances yet a third interpretation.  He also suggests that subsection (2) applies, but unlike the postconviction court, he posits that his speedy trial period was triggered when the postconviction court granted a new trial pursuant to Crim. P. 35(c).  We agree with Mangum.

¶ 13    At first blush, it appears that subsection (2) is inapplicable here.  The plain language of the provision suggests that it only applies when a defendant has directly appealed his conviction, as it speaks only to the scenario where "trial results in conviction which is reversed on appeal." § 18-1-405(2).  But our supreme court has held otherwise.

¶ 14    In *People v. Jamerson,* 196 Colo. 63, 580 P.2d 805 (1978), the court considered how the speedy trial statute applied where a trial court entered an order granting a defendant a new trial.  The defendant had moved for a new trial on the basis of a change in law; he did so after he was convicted but before he filed a notice of appeal.  *Id.* at 64, 580 P.2d at 806.  After granting the motion, the trial court dismissed the case for violation of the defendant's statutory speedy trial rights, concluding that he was required to be retried within three months of its order per section 18-1-405(6)(e),

5

C.R.S. 1973. *Id.* But that provision specifically applied to mistrials. *See* § 18-1-405(6)(e), C.R.S. 1973. And the supreme court observed that the trial court had granted a *new* trial, which was distinct from a *mis*trial. *Jamerson,* 196 Colo. at 65, 580 P.2d at 807. Accordingly, it concluded that subsection (6)(e) was inapplicable. *See id.* Instead, it held, citing section 18-1-405(2), C.R.S. 1973, that "a new trial order pursuant to a new trial motion is similar to a reversal on appeal for purposes of our speedy trial provisions and results in a six-month speedy trial period." *Jamerson,* 196 Colo. at 65, 580 P.2d at 807.[2] In other words, it concluded that subsection (2) of the speedy trial statute applied, and that the speedy trial period commenced when the court entered its new trial order.[3]

---

[2] The supreme court's decision focused on the distinction between the three-month period permitted following a mistrial and the six-month period permitted following a new trial order, so the supreme court did not explicitly state *when* the six months would commence. However, in a subsequent appeal in the same case, the supreme court clarified that the People had six months from the date of the order granting a new trial in which to retry Jamerson. *People v. Jamerson,* 198 Colo. 92, 94, 596 P.2d 764, 766 (1979).

[3] Section 18-1-405(2), C.R.S. 1973, and section 18-1-405(2), C.R.S. 2021, are identical save one substantive difference. Whereas the speedy trial period began on "the date of the final decision on appeal" under the old version, § 18-1-405(2), C.R.S. 1973, it begins on "the date of the receipt by the trial court of the mandate from the

¶ 15    We discern no meaningful difference, in the context of the speedy trial statute, between the new trial order in *Jamerson* and the order granting Mangum's Rule 35(c) petition.  Both, in essence, granted postconviction requests for a new trial based on an alleged constitutional infirmity.  And both were quasi-appellate rulings because, in each case, "a verdict ha[d] been entered," "the trial [was thus] complete for purposes of appellate review," and the defendant's request, if granted, could "only result in the entry of an order for a new trial."  *Id.*  Because the orders are functionally equivalent and the *Jamerson* order was deemed "similar to a reversal on appeal for purposes of our speedy trial provisions," so too must the order before us.  *Id.*

¶ 16    The People fail to persuade us otherwise.  First, the People do not meaningfully distinguish *Jamerson.*  While they point out that *Jamerson* did not involve a postconviction order, they fail to explain why the difference in posture of the two orders matters.  The order

---

appellate court" under the new version, § 18-1-405(2), C.R.S. 2021.  The language pertinent here — that the provision applies where "trial results in conviction which is reversed on appeal" — remains the same.  *Compare* § 18-1-405(2), C.R.S. 1973, *with* § 18-1-405(2), C.R.S. 2021.

here grants the same relief following a substantially similar procedural process — it is just as "similar to a reversal on appeal" as the order in *Jamerson.  Id.*

¶ 17    For the following additional reasons, we reject the People's contention that only subsection (1) of the speedy trial statute can be read to apply here:

- Subsection (1) applies "[e]xcept as otherwise provided in this section," § 18-1-405(1), and, per *Jamerson,* subsection (2) provides how the statutory speedy trial right operates here.

- The language of subsection (1) suggests it applies only when a defendant is charged and arraigned at the outset of a case.  It does not appear to account for a defendant who successfully seeks postconviction relief.

- The People's interpretation would effectively condition a defendant's right to speedy trial on his affirmative request to be arraigned and re-prosecuted.  Such an interpretation is at odds with the statute's purpose "to prevent unnecessary prosecutorial and judicial delays," *Delacruz v. People*, 2017 CO 21, ¶ 12, as it could conceivably allow a defendant to remain in prison indefinitely without being retried (constitutional

rights aside).  It also runs counter to longstanding jurisprudence that "[a] defendant has no duty to bring himself to trial."  *DeGreat,* ¶ 11.

- The People cite no authority, and we are aware of none, that supports the claim that Mangum's original plea of not guilty was "subsumed" by the convictions after the original trial. Mangum's postconviction claims had nothing to do with his plea of not guilty, and thus there is no basis to suggest that the order for a new trial somehow vitiated that original plea. Accordingly, we reject the People's contention that Mangum had to enter a new plea of not guilty before the speedy trial period began to run.[4]

¶ 18     The postconviction court was closer to the mark, but its interpretation was also flawed.  While the court correctly observed that subsection (2) is implicated, we disagree with its application of the provision.  Its conclusion that speedy trial was triggered when this court mandated the case appears to be irreconcilable with the

---

[4] Because this case does not involve a defendant obtaining a new trial following a successful postconviction challenge to a guilty plea, we express no opinion as to when the speedy trial period begins in that scenario.

9

plain language of the provision. Subsection (2) contemplates only situations where a conviction "is reversed on appeal," § 18-1-405(2) — or "similar" circumstances, *Jamerson*, 196 Colo. at 65, 508 P.2d at 807 — not situations where an outcome is *affirmed*. Nor has any case suggested as much.

¶ 19 *Curren*, on which the postconviction court relied, is inapposite. There, under identical procedural circumstances, a division of this court held that the People's appeal of an order granting a Crim. P. 35(c) petition "was interlocutory in nature for purposes of tolling the speedy trial period under section 18-1-405(6)(b)." *Curren*, ¶ 38. But it was not asked, as we are, to determine which event actually triggered the defendant's speedy trial right. And it did not suggest that it was triggered by the mandate from the appellate court. If anything, it appeared to presuppose that the speedy trial period started on the date the defendant's Rule 35(c) petition was granted. *See id.* at ¶ 40 (referring to the relevant period as the "delay between the postconviction court's grant of a new trial and the start of defendant's new trial").

¶ 20 To sum up, *Jamerson* compels us to conclude that, under section 18-1-405(2), speedy trial commenced for Mangum when the

postconviction court granted his Rule 35(c) petition on April 4, 2019. The People then had 183 days to bring Mangum to trial. *See* § 18-1-405(2). When the People appealed the order on May 17, 2019 — 43 days later — the speedy trial period was tolled. *See* § 18-1-405(6)(b); *Curren*, ¶ 38. But it resumed when our court mandated the case to the postconviction court on August 20, 2021. At that point, 140 days of Mangum's speedy trial period, expiring on January 7, 2022. When Mangum moved to dismiss his charges on February 23, 2022, the People still had not brought him to trial. Accordingly, the postconviction court was required to dismiss the charges. *See DeGreat*, ¶ 13 ("[T]he language of the speedy trial statute is mandatory — it leaves no discretion for the trial court to make exceptions to the six-month rule beyond those specifically enumerated in section 18-1-405(6).").

### III. Conclusion

¶ 21 The order is affirmed.

JUDGE TOW and JUDGE YUN concur.